ESTATE OF FRANKLIN BOYKIN KING, JR., DECEASED, JO ANN BREED KING, TRANSFEREE, AND JO ANN BREED KING, TRUSTEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of King v. Commissioner
Docket No. 4489-90
United States Tax Court
T.C. Memo 1991-151; 1991 Tax Ct. Memo LEXIS 170; 61 T.C.M. (CCH) 2334; T.C.M. (RIA) 91151; April 3, 1991, Filed *170 An appropriate order and decision will be entered. Donald P. Lan, Jr. and William Shaw, for the petitioner. James W. Lessis, for the respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM OPINION This matter is before the Court on petitioner's Motion for Summary Judgment pursuant to Rule 121. [1] Respondent filed a cross-motion for partial summary judgment in his favor. The issue presented is whether the final decision entered by this Court in Estate of Franklin Boykin King, Jr., Deceased, Jo Ann Breed King, Executrix v. Commissioner, docket No. 2824-89, that no estate tax deficiency or addition to tax exists, precludes petitioner from being liable as a transferee, either individually or in her capacity as a trustee, under the doctrine of res judicata or principles of transferee liability. *171 Petitioner resided in Homer, Louisiana, when she timely filed the petition in this case. Petitioner is the surviving spouse of Franklin Boykin King, Jr. (hereinafter decedent), who died on January 11, 1985. Petitioner served as executrix of decendent's estate, as well as trustee of the F. B. King, Jr. Trust, a testamentary trust established by the decedent's will. A timely Form 706, United States Estate Tax Return, was filed on behalf of the Estate of Franklin Boykin King, Jr. (hereinafter the Estate), on January 2, 1986. On January 6, 1989, respondent issued a statutory notice of deficiency to the Estate determining therein an estate tax deficiency of $ 450,156.74, plus an addition to tax under section 6660, in the amount of $ 100,160.82. The statutory notice of deficiency was issued more than three years after the Estate filed its Federal estate tax return. On February 13, 1989, the Estate filed a timely petition with this Court styled "Estate of Franklin Boykin King, Jr., Deceased, Jo Ann Breed King, Executrix v. Commissioner," docket No. 2824-89. This Court entered its decision in docket No. 2824-89 on March 1, 1990, that, pursuant to section 7459(e), there was no deficiency *172 in the estate tax or addition to tax under section 6660 due from the Estate because the assessment and collection of any such deficiency and addition to tax were barred by the statute of limitations. The decision became final on May 31, 1990, pursuant to sections 7481(a) and 7483. Between December 29, 1989, and January 2, 1990, respondent mailed to petitioner, by certified mail, statutory notices of liability in which it was determined that there was an estate tax deficiency and liability in the amount of $ 451,348 and an addition to tax under section 6660 in the amount of $ 93,750. The statutory notices of liability indicated that petitioner was liable as a transferee of the Estate, either individually or in her capacity as a trustee of the F. B. King, Jr. Trust. For purposes of this Motion for Summary Judgment, the parties agree that the notices of liability were issued to petitioner as transferee within one year of the expiration of the period of limitation for assessment against the transferor in accordance with section 6901(c)(1). On March 12, 1990, petitioner filed a timely petition with this Court in response to all notices of liability. Under Rule 121(b), summary judgment *173 is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Preece v. Commissioner, 95 T.C. 594 (1990); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party has the burden of showing that no genuine issue exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law. Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). In deciding whether to grant summary judgment, we view facts and inferences drawn therefrom in the light most favorable to the opposing party. Naftel v. Commissioner, 85 T.C. at 529. Petitioner contends that the doctrine of res judicata precludes respondent from relitigating this Court's decision that the Estate had no estate tax deficiency or addition to tax under section 6660. Respondent concedes that the doctrine of res judicata is applicable *174 but contends that its mechanical application in this case frustrates the public policy of efficient collection of the public revenue. For the doctrine of res judicata to apply, three requirements must be satisfied: (1) The parties in the subsequent action are the same or in privity with the parties to the prior action; (2) the claims in the subsequent litigation are in substance the same as those in the prior litigation; and (3) the earlier litigation resulted in a final judgment on the merits. Nevada v. United States, 463 U.S. 110, 130, 77 L. Ed. 2d 509, 103 S. Ct. 2906 (1983); Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 69 L. Ed. 2d 103, 101 S. Ct. 2424 (1981); Commissioner v. Sunnen, 333 U.S. 591, 597, 92 L. Ed. 898, 68 S. Ct. 715 (1948). Respondent agrees that all three technical requirements of res judicata have been met in this case. Pursuant to section 6901(h), as a legatee and trustee, petitioner is considered a transferee of the Estate. For purposes of res judicata, a transferee of property is in privity with a transferor. Estate of Egan v. Commissioner, 28 T.C. 998, 999 (1957), affd. 260 F.2d 779 (8th Cir. 1958). The claim or cause of action is the *175 same since an estate tax liability is a single cause of action. Estate of Hunt v. United States, 309 F.2d 146, 148 (5th Cir. 1962). And finally, this Court's determination that the period of limitations had expired with respect to the Estate, is a final decision on the merits. Saso v. Commissioner, 93 T.C. 730, 734 (1989); Badger Materials, Inc. v. Commissioner, 40 T.C. 1061, 1063 (1963); United Business Corp. of America v. Commissioner, 19 B.T.A. 809, 832 (1930), affd. 62 F.2d 754 (2d Cir. 1933); sec. 7459(e). However, it is respondent's position that the mechanical application of res judicata in this case would not further justice or public policy. Respondent suggests that we disregard the doctrine of res judicata for public policy reasons and resolve this case solely on principles of transferee liability. If the doctrine of res judicata is disregarded in the instant case, it is possible that petitioner would be liable under principles of transferee liability. Respondent argues that the public policy of promoting efficient collection of the public revenue outweighs the doctrine *176 of res judicata but cites no authority for such proposition. We do not agree with respondent and find that the requirements for the application of res judicata are present. The principles of res judicata are applicable in the field of Federal taxation. United States v. International Building Co., 345 U.S. 502, 506, 97 L. Ed. 1182, 73 S. Ct. 807 (1953); Commissioner v. Sunnen, supra at 598; Krueger v. Commissioner, 48 T.C. 824 (1967). In International Building Co., the Supreme Court applied the doctrine of res judicata to prevent relitigation of a case where the earlier decision was based upon a stipulation. In International Building Co., the Commissioner sent the taxpayer a notice of deficiency for the years 1933, 1938, and 1939 on the basis that the taxpayer had claimed excessive depreciation for those years. The taxpayer filed a petition with this Court, but the case was never heard; instead, the parties agreed to a stipulated decision. Later, the Commissioner sent the taxpayer another notice of deficiency on the basis that the taxpayer was claiming excessive depreciation for 1942. The taxpayer contended that the earlier stipulated *177 decision by this Court prevented the Commissioner from raising the issue of depreciation. The Supreme Court held that since the two controversies involved different taxable years, and since there had not been any adjudication on the merits of the issue of deprecation, collateral estoppel did not apply to taxable year 1942. However, the Supreme Court did apply the doctrine of res judicata to the years covered by the previous stipulated decision and stated: Certainly the judgments entered are res judicata of the tax claims for the years 1933, 1938, and 1939, whether or not the basis of the agreements on which they rest reach the merits. [345 U.S. at 506. Emphasis supplied.]
The principles of res judicata have been applied with equal force by this Court to stipulated decisions in the transferee liability context. Krueger v. Commissioner, supra. In Krueger, the issue before this Court was whether the doctrine of res judicata applies to stipulated decisions entered by this Court. The Commissioner determined that the taxpayers, transferees of an estate, were liable for deficiencies in income tax of the estate as determined *178 by a prior stipulated decision. The taxpayers argued that since the stipulated decision was not based upon the merits of the controversies, res judicata did not apply to such decisions and did not prevent the reconsideration of the tax liability of the estate on the merits. Citing United States v. International Building Co., supra, we held that res judicata applied to the stipulated decision agreed to by the estate and the transferees may not have those tax liabilities reconsidered on the merits. In Krueger, this Court cited several cases which applied res judicata principles to prior stipulated decisions and stated that the cases illustrated "the reasons for applying res judicata to any decision whether or not the decision is based upon the merits." Krueger v. Commissioner, 48 T.C. at 829. The doctrine of res judicata rests on principles of judicial economy and public policy favoring finality of litigation and certainty in legal relations. Commissioner v. Sunnen, supra. In Sunnen, the Supreme Court stated that the "judgment puts an end to the cause of action, which cannot again be brought into litigation *179 between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment." 333 U.S. at 597. In Federated Department Stores, Inc. v. Moitie, supra, the Supreme Court granted certiorari to consider the validity of the Ninth Circuit Court of Appeals' exception to the doctrine of res judicata based on "public policy" and "simple justice." The Court of Appeals conceded that the technical elements of res judicata had been satisfied. However, the Court of Appeals countenanced an exception to the rule based on "public policy" and "simple justice." The Supreme Court reversed the Court of Appeals and concluded: The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata." * * * We have stressed that "[the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy *180 and of private peace,' which should be cordially regarded and enforced by the courts." * * * [452 U.S. at 401; citations omitted.]
The Supreme Court noted that the Court of Appeals' reliance on "public policy" was misplaced as the Court had long recognized that "public policy" dictates that there be an end of litigation. In the instant case, we conclude that the elements of res judicata are present. We therefore hold that the final decision entered by this Court in Estate of Franklin Boykin King, Jr., Deceased, Jo Ann Breed King, Executrix v. Commissioner, docket No. 2824-89, is dispositive that petitioner is not liable as a transferee, either individually or in her capacity as a trustee, for an estate tax deficiency or addition to tax under section 6660. For all the reasons stated above, petitioner's motion for summary judgment is granted and respondent's motion for partial summary judgment is denied. An appropriate order and decision will be entered. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year at issue.↩