Richard M. **BAPTISTE,** Transferee,
Petitioner,

v.

**COMMISSIONER OF INTERNAL
REVENUE,** Respondent.

No. 93–4829.

United States Court of Appeals,
Eleventh Circuit.

Aug. 29, 1994.

Paul J. Peter, Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., Lincoln, NE, for petitioner.

Gary R. Allen, Chief, Christine A. Grant, David I. Pincus, Appellate Section, Tax Division, Dept. of Justice, Washington, DC, for respondent.

Before ANDERSON and BIRCH, Circuit Judges, and CONWAY *, District Judge.

BIRCH, Circuit Judge:

This case presents three challenges by the appellant, Richard M. Baptiste ("Baptiste"), to the tax court's grant of summary judgment to the government. Initially, Baptiste argues that his status as a transferee of an estate must be decided under state law and that genuine issues of material fact remain as to that issue. Next, he contends that the tax court erred in applying the doctrine of res judicata to him, a transferee of an estate, on the issue of the estate tax liability of the estate. Lastly, he asserts that the tax court misinterpreted the scope of the statutory limit on his personal liability when it determined that he was responsible for interest on his liability in excess of the value of the property he received from the estate. Because we agree with the tax court in all respects, we affirm the grant of summary judgment to the government.

## I. BACKGROUND

Gabriel J. Baptiste (the "decedent"), the father of the appellant, died on September 26, 1981. He was a United States citizen, and at the time of his death he possessed incidents of ownership in an insurance policy on his life with a face amount of $150,000. At the time of his father's death, Baptiste was one of three named beneficiaries of this policy, each of whom held a one-third interest. He received $50,000 from the distribution of the proceeds of this policy on or about November 16, 1981.

On December 29, 1982, the decedent's estate filed an estate tax return. Thereafter the government issued a statutory notice of deficiency to the estate. This deficiency was contested by the executrix of the estate, Barbara Baptiste, the appellant's sister, by filing a petition with the tax court. The govern-

* Honorable Anne Callaghan Conway, U.S. District Judge for the Middle District of Florida, sitting by designation.

ment and the executrix reached an agreement that an estate tax deficiency of $62,378.48 was owed to the government. On the basis of this agreement, the tax court, on May 13, 1988, entered a stipulated decision that the estate owed the agreed deficiency. The estate never satisfied this obligation.

On October 6, 1989, based on Baptiste's alleged status as a transferee of the estate, the government issued a statutory notice of deficiency to Baptiste, asserting an assessment for the unpaid estate tax in the amount of $50,000 plus interest as provided by law. Baptiste filed a petition in the tax court on January 2, 1990, to determine his liability on that assessment. In that petition, Baptiste did not challenge his status as a transferee, but rather argued that, for various reasons, the amount of estate tax assessed by the tax court in the earlier proceeding was incorrect.

In its response, the government, in addition to admitting and denying certain of Bap-

tiste allegations, affirmatively asserted that Baptiste was liable, as a transferee at law, for the deficiency in the estate tax due.[1] Baptiste did not respond to the government's affirmative allegations, thereby failing to comply with Tax Court Rule 37[2], which requires that a petitioner answer any affirmative allegations of the respondent, either admitting or denying them. On July 3, 1990, the government filed a motion under Rule 37(c), requesting that the court find that these allegations be deemed admitted. The court, on July 9, 1990, specifically granted Baptiste additional time, until August 9, 1990, to answer the allegations and avoid them being deemed admitted. On August 20, 1990, Baptiste having not responded to the affirmative allegations of the government, the court entered an order deeming said allegations admitted by Baptiste.

The government filed a motion for summary judgment requesting an adjudication in its favor on all issues. In this motion, the

---

1. Specifically, the government stated:

> 6. FURTHER ANSWERING the amended petition, and in support of the determination that the petitioner [Baptiste] is liable as a transferee at law of the Estate of Gabriel J. Baptiste, deceased, Barbara Baptiste, Statutory Executrix, transferor, for the deficiency in estate tax due from said transferor, plus interest thereon as provided by law, the respondent [government] alleges:
> 1) Gabriel J. Baptiste (hereafter "decedent"), a United States citizen, died on September 26, 1981.
> 2) On or about November 16, 1981, the transferor transferred $50,000 to petitioner, the amount receivable by petitioner as a beneficiary of insurance policies on the life of the decedent with respect to which policies the decedent possessed the incidents of ownership as of the date of his death.
> 3) Pursuant to I.R.C. § 2042, the value of the proceeds of said life insurance policies are includable in the gross estate for purposes of determining the estate tax liability.
> 4) Pursuant to I.R.C. § 6324(a)(2), petitioner, as insurance beneficiary and transferee of the proceeds of life insurance policies on the life of the decedent, to the extent of the value of such proceeds at the time of the decedent's death, is personally liable for the estate tax of the transferor.
> 5) The value of the portion of the proceeds of the life insurance policies on the life of the decedent received by petitioner was $50,000.00 as of the date of decedent's death.
> 6) The estate of Gabriel J. Baptiste, deceased, Barbara Baptiste, Statutory Executrix,

filed its United States Estate Tax Return on December 29, 1982.
> 7) On March 11, 1986, the respondent mailed a statutory notice of deficiency, by certified mail, to the Estate of Gabriel J. Baptiste, Barbara Baptiste, Statutory Executrix, the transferor, in which it was determined that there was a deficiency in estate tax due from the transferor.
> 8) The transferor timely filed a petition with this Court on December 16, 1985, entitled *Estate of Gabriel J. Baptiste, deceased, Barbara Baptiste, Statutory Executrix v. Commissioner*, Docket No. 44928–85, contesting the deficiency determined in the notice of deficiency issued with respect to the transferor's estate tax.
> 9) A decision was entered by this Court in *Estate of Baptiste, supra.*, on May 13, 1988, stipulating that there is a deficiency in estate tax due from the transferor in the amount of $62,378.48.
> 10) As of the date of the issuance of the statutory notice of liability to petitioner, the outstanding estate tax liability of the transferor, and interest thereon as provided by law, remained unpaid.

Government Answer to Amended Petition at 1–3. The date given in paragraph 7 for the mailing of the statutory notice of deficiency, March 11, 1986, is clearly erroneous, as it is well after the petition was filed by the transferor estate. The tax court decision gives the date of mailing of the statutory notice of deficiency as September 18, 1985. This error is irrelevant to our analysis.

2. Hereinafter "Rule" will refer to the Tax Court Rules.

government relied in part on the deemed admissions of Baptiste. At this juncture, for the first time, Baptiste obtained counsel. Baptiste's attorney moved to suspend the proceedings in order to give him an opportunity to examine pertinent records. The motion alleged that Baptiste intended to seek a redetermination of the estate tax deficiency ordered by the tax court in the original proceeding against the estate. It also alleged that Baptiste might, upon review of the records, amend his petition to challenge the existence of any transferee liability on his part. Following the government's objection, the tax court denied Baptiste's motion.

On April 9, 1992, the tax court entered an order granting partial summary judgment to the government on the liability of Baptiste for the estate tax deficiency up to $50,000. The court specifically found that Baptiste was a transferee as a matter of law, that as a transferee he was liable for the estate's unpaid deficiency, and that the amount of the deficiency, decided in the earlier case against the estate, was res judicata and could not be relitigated by Baptiste. The court reserved the question of Baptiste's potential liability for interest in excess of the value of the property he received from the estate, $50,-000. After briefing by the parties on the interest issue, the court, on April 30, 1993, entered an order holding Baptiste personally liable for interest on his underlying $50,000 obligation, thus raising his total obligation above the value of the property he received from the estate. It is from these two orders that Baptiste appeals.

## II. DISCUSSION

■ We review the grant of summary judgment *de novo,* reviewing the facts and applying the same legal standards as the tax court. *Thrasher v. State Farm Fire & Casualty Co.,* 734 F.2d 637, 638 (11th Cir.1984) (per curiam). Under Rule 121(b), summary judgment is appropriate if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that a decision may be rendered as a

matter of law." Tax Ct.R. 121(b); *see also Zaentz v. Commissioner,* 90 T.C. 753, 754, 1988 WL 34876 (1988). The moving party has the burden of showing that no genuine issue exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law. *Espinoza v. Commissioner,* 78 T.C. 412, 416, 1982 WL 11163 (1982). In deciding whether to grant summary judgment, the court views the facts and inferences drawn therefrom in the light most favorable to the non-moving party. *Naftel v. Commissioner,* 85 T.C. 527, 529, 1985 WL 15396 (1985).

■ In addition to the pleadings and other materials, the tax court, in granting summary judgment to the government, relied on facts deemed admitted by the court's grant of the government's Rule 37(c) motion. Facts deemed admitted pursuant to Rule 37(c) are considered conclusively established and may be relied upon by the government even in relation to issues where the government bears the burden of proof. *Smith v. Commissioner,* 926 F.2d 1470, 1476 n. 11 (6th Cir.1991); *Marshall v. Commissioner,* 85 T.C. 267, 272–73, 1985 WL 15379 (1985); *Doncaster v. Commissioner,* 77 T.C. 334, 336–38, 1981 WL 11223 (1981).

■ Baptiste argues that, since he was *pro se* at the time he failed to answer the affirmative allegations of the government, he should not be bound by the conclusive establishment of these facts under Rule 37(c). This argument is without merit. Following the government's Rule 37(c) motion, the court specifically granted Baptiste an additional month in which to reply to the government's allegations before the court would deem these allegations admitted. Despite the court's leniency to a *pro se* petitioner, Baptiste failed to respond. There was no abuse of discretion in granting the Rule 37(c) motion, and we accept these facts as admitted and conclusively established for purposes of our review.[3]

### A. *Transferee Liability As A Matter Of Law*

■ The first issue presented is whether the tax court was correct in holding that, as a

---

3. The consequence of this result is minor.

matter of law, Baptiste is a transferee of the estate. Section 6324(a)(2) of the Internal Revenue Code (the "Code")[4] provides:

> If the estate tax imposed by chapter 11 is not paid when due, then the spouse, *transferee*, trustee . . ., or beneficiary, *who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042*, inclusive, to the extent of the value, at the time of the decedent's death, of such property, *shall be personally liable* for such tax.

I.R.C. § 6324(a)(2) (emphasis added). Baptiste argues that his status as a transferee should be determined as a matter of state law, and that, therefore, genuine issues of material fact remain as to whether or not he is a transferee liable under this section.

It is true that cases have held that, in the income tax area, a person's status as a transferee is to be established by reference to state law. *See Commissioner v. Stern*, 357 U.S. 39, 45, 78 S.Ct. 1047, 1051, 2 L.Ed.2d 1126 (1958); *Edelson v. Commissioner*, 829 F.2d 828, 833 (9th Cir.1987); *see also Stoumen v. Commissioner*, 261 F.2d 172, 174 (3d Cir.1958). However, the specific basis of these decisions undercuts Baptiste's reliance on them. In the above-cited cases, the rationale for referring to state law to determine one's status as a transferee was the fact that the statute under which the government assessed these putative transferees was purely procedural and did not, of itself, create liability. As the Court observed, "since § 311 is purely a procedural statute we must look to other sources for definition of the substantive liability. *Since no federal statute defines such liability*, we are left with a choice between federal decisional law and state law for its definition." *Stern*, 357 U.S. at 44, 78 S.Ct. at 1050 (emphasis added). This holding

of the Supreme Court, on which the other cases rely, is specifically grounded in the absence of a federal statute creating liability.

In this case there is more than a purely procedural statute at issue. The procedural collection statute here, the equivalent to section 311 in *Stern*, is section 6901(a).[5] Unlike *Stern*, however, here there is a federal statute that creates liability. Section 6324(a)(2) imposes transferee liability. Section 6901(h) provides that, as used in section 6901, the term "transferee" specifically includes, "with respect to estate taxes, . . . any person who, *under section 6324(a)(2)*, is personally liable for any part of such tax." I.R.C. § 6901(h) (emphasis added). The italicized portion of this language confirms that section 6324(a)(2) is an independent federal source of liability. Thus, this case is unlike *Stern* in that a federal statute creates liability, so there is no reason to look to state law.

The resolution of whether section 6324(a)(2) imposes liability on Baptiste as a transferee is straightforward. Pursuant to the facts deemed admitted under Rule 37(c), the estate had not, at the time the government assessed Baptiste, paid the estate tax due. Baptiste was the beneficiary of an insurance policy on the decedent's life. The decedent, at the time of his death, possessed incidents of ownership in that policy. Baptiste actually received $50,000 from that policy following the decedent's death. These facts are sufficient to establish, as a matter of law, Baptiste's status as a transferee.

■ Section 6324(a)(2) defines as a liable transferee one who receives property included in the gross estate under sections 2034 to 2042, inclusive. *See Groetzinger v. Commissioner*, 69 T.C. 309, 316, 1977 WL 3623 (1977). Section 2042(2) provides that

---

4. Hereinafter, all references to sections are to sections of the Internal Revenue Code, unless otherwise noted.

5. Section 6901(a) provides, in relevant part:
(a) **Method of Collection.**—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred.

(1) **Income, estate, and gift taxes.**—
(A) **Transferees.**—The liability, at law or in equity, of a transferee of property—

\*　\*　\*　\*　\*　\*

(ii) of a decedent in the case of a tax imposed by chapter 11 (relating to estate taxes), . . .

\*　\*　\*　\*　\*　\*

in respect of the tax imposed by subtitle A or B.
I.R.C. § 6901(a).

the value of the gross estate shall include the value of all property, including proceeds of insurance on the decedent's life if the decedent possessed, at the date of his death, incidents of ownership in the policy. I.R.C. § 2042(2). Under that section the value of the insurance policy of which Baptiste was the beneficiary was included in the gross estate. Baptiste, therefore, is a transferee as one who "receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042." I.R.C. § 6324(a)(2). The tax court was correct in holding that Baptiste is a transferee within the meaning of sections 6324(a)(2) and 6901(a) as a matter of law.

B. *Application Of Res Judicata To Determination Of The Estate Tax Liability Of The Decedent's Estate*

■ Baptiste also challenges the tax court's application of the doctrine of res judicata to the prior determination by the tax court of the deficiency in estate tax owed by the decedent's estate in determining the amount of personal liability imposed on Baptiste pursuant to section 6324(a)(2). The government maintains that the doctrine of res judicata applies to this determination and that Baptiste may not revisit the issue of the total estate tax deficiency.

■ The doctrine of res judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies. As to the parties to the prior proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981); *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). It is well settled that the doctrine of res judicata is applicable in tax cases. *United States v. International Bldg. Co.*, 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953); *Sunnen*, 333 U.S. at 598, 68 S.Ct. at 719.

■ The application of res judicata requires that: (1) the issue contested in both proceedings be identical; (2) the parties to the subsequent proceeding are the same as, or are in privity with, the parties to the earlier proceeding; and (3) the earlier proceeding resulted in a final judgment on the merits. *Nevada v. United States*, 463 U.S. 110, 129–130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983).

The issue in the earlier tax court case was the estate tax deficiency owed by the estate of the decedent to the government. Here, Baptiste is attempting to relitigate the issue of the total deficiency of the estate, on the grounds that certain valuations were incorrect and that currency rate fluctuations have changed the estate's gross value; all in order to decrease his personal liability under section 6324(a)(2). The fact that his purpose is to decrease his personal liability, rather than in the interest of the estate, is of no moment. The estate's liability under section 2002 and Baptiste's liability under section 6324(a)(2) both embrace the same determination—the amount of estate tax imposed by chapter 11. The issues are the same.

■ Baptiste contends that he should not be bound by the earlier decision of the tax court because he was not a party to that proceeding. While this is true, it is well settled that a transferee is in privity with his transferor for purposes of the Internal Revenue Code. *Estate of King v. Commissioner*, 61 T.C.M. (CCH) 2334, 2335, 1991 WL 44254 (1991) (privity between estate and estate's transferee for estate tax purposes); *Krueger v. Commissioner*, 48 T.C. 824, 829–30, 1967 WL 990 (1967) (privity between estate and transferee for income tax purposes). There is no doubt that Baptiste is in privity with the estate of the decedent.

■ The earlier proceeding, in which the tax court entered a stipulated order determining the estate tax deficiency of the estate, was a final judgment on the merits. This is true despite the fact that the judgment was entered based on an agreement between the parties rather than as the result of a trial on the merits. The Court has ruled that a final decision of the tax court determining the tax liability of a taxpayer is a judgment on the merits for the purposes of res judicata,

"whether or not the basis of the agreements on which [it] rest[s] reached the merits." *International Bldg.*, 345 U.S. at 506, 73 S.Ct. at 809. This has been reasserted in numerous tax cases. "This [c]ourt has specifically held, on facts very similar to those of the instant case, that a decision entered pursuant to a stipulated agreement reached by an estate and [the government] is binding, and a transferee of such an estate may not have the estate's tax liabilities reconsidered on the merits." *Forehand v. Commissioner,* 66 T.C.M. (CCH) 1763, 1764, 1993 WL 533995 (1993). The rule that "a transferee is privy to a transferor and precluded from reopening a decision establishing the tax liability of his transferor ... should apply when the decision is based upon an agreement of the parties." *Krueger,* 48 T.C. at 830. "The principles of res judicata have been applied with equal force by this [c]ourt to stipulated decisions in the transferee liability context." *Estate of King,* 61 T.C.M. (CCH) at 2336. Thus, the earlier decision of the tax court, establishing the estate tax liability of the estate, is a final decision on the merits notwithstanding its stipulated nature.

 Alternatively, Baptiste argues that, even if the doctrine of res judicata is otherwise applicable, principles of public policy and fundamental fairness preclude its application here. Specifically, Baptiste contends that the estate tax liability was miscalculated, that the bulk of the estate's assets are located in Venezuela and are controlled by the decedent's widow, who refuses to pay any portion of the deficiency, and that the government is pursuing a United States citizen while allowing a nonresident alien to avoid liability. Hence, he argues that the tax court should have allowed him to relitigate the issue of the estate tax deficiency. We disagree.

Obviously, Baptiste cannot correct any injustice occasioned by the decedent's widow's refusal to pay any portion of the estate tax from the substantial assets she holds in Venezuela by relitigating the estate's tax liability. Moreover, there is no public policy or fundamental fairness issue asserted by Baptiste which would override the purpose of the doctrine of res judicata. The Court has instructed: "The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata.*'" *Federated Dep't Stores,* 452 U.S. at 401, 101 S.Ct. at 2429 (quoting *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946)). And further, "[w]e have stressed that '[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, "of public policy and of private peace," which should be cordially regarded and enforced by the courts....'" *Id.* (quoting *Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917) (alterations in original)).

Baptiste also appears to ground his public policy and fundamental fairness arguments on errors in calculating the deficiency and on the fact that Venezuelan currency devaluation has significantly decreased the value of the assets of the estate in terms of United States dollars. However, the Court has cautioned: "Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Id.* at 398, 101 S.Ct. at 2428. No public policy or fundamental fairness argument by Baptiste overrides the otherwise applicable doctrine of res judicata.

We are satisfied that the three elements of res judicata are met here. The issue Baptiste proposes to litigate in the tax court is identical to that already determined by that court—the estate tax deficiency of the decedent's estate. Baptiste, as a transferee of the estate under section 6324(a)(2), is in privity with the estate, and as such is treated as a party to the prior action. Thus, the tax court's final determination of the estate tax deficiency on the decedent's estate, despite the fact that it was based upon a stipulated agreement between the parties as opposed to an adversarial proceeding, is a final judgment on the merits for purposes of res judi-

cata. The requirements of res judicata having been met, and finding its application appropriate here, we hold that the tax court was correct in using that doctrine to bind Baptiste to its prior decision establishing the estate tax deficiency on the decedent's estate.

### C. *Personal Liability For Interest*

■ Having determined that Baptiste is liable under section 6324(a)(2) for the unpaid estate tax, in an amount determined by the prior decision of the tax court, we must decide whether Baptiste is personally liable for interest on the obligation imposed under section 6324(a)(2), and if so, whether the limitation of liability contained in that section applies to such an interest obligation. For the following reasons, we hold that section 6324(a)(2) imposes an independent liability on Baptiste, that such liability arose on the due date of the estate tax return when the estate failed to pay the amount due, that section 6601 applies to impose interest on that obligation from the day the liability arose, and that the liability limitation of section 6324(a)(2) applies only to the underlying obligation and not to any such interest. Thus, Baptiste is liable for interest running from the day the estate tax return was due until he satisfies the obligation, and such interest is not limited by the $50,000 he received from the life insurance policy.

Section 6324(a)(2) imposes liability on a transferee for the unpaid estate taxes of a transferor estate, limited to the value of the property the transferee received from the estate. Section 6601(e)(1) states: "Any reference in this title . . . to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." I.R.C. § 6601(e)(1). Thus, section 6324(a)(2), by imposing on the transferee the obligation to pay unpaid "estate tax," also makes the transferee liable for any interest accrued on the underlying estate tax. However, section 6324(a)(2) limits the liability of the transferee to an amount equivalent to the value of the assets he received from the transferor estate. Since the term "estate tax" in section 6324(a)(2) includes interest accrued on the underlying obligation, the transferee's liabili-

ty for that interest is also constrained by this limitation.

■ The more difficult issue, however, is whether section 6601 imposes interest on the transferee's independent liability for the tax, and if so, whether that interest obligation is constrained by the limitation contained in section 6324(a)(2). The key to this question lies in understanding the nature of the obligation imposed by section 6324(a)(2). Section 6324(a)(2) provides that a transferee, under certain circumstances, "shall be personally liable for such [unpaid estate] tax." The question is whether this is a tax liability as opposed to a personal liability of the general sort imposed by federal law. We opine that it is the latter.

■ The language of section 6324(a)(2) does not provide that the liability of a transferee is a tax liability. Rather, it imposes an obligation on the transferee to satisfy the underlying tax liability of the transferor estate. Because the estate's obligation is one in the nature of a tax does not mean the transferee also has a tax liability. Statutory construction supports the conclusion that the obligation imposed by section 6324(a)(2) is a nontax liability. If the transferee's obligation were a tax liability, the government could collect it and impose penalties and interest on it under existing provisions of the Code without requiring any additional authority. As it is, however, section 6901(a) provides a procedure through which the government may collect certain liabilities, including transferee liabilities, in much the same way it collects tax liabilities.[6]

Were transferee liability under section 6324(a)(2) a tax liability, there would be no need for the authorizations and provisions of section 6901(a). In fact, that section would be superfluous and wholly unnecessary, a statutory construction that is both disfavored and unlikely. Accordingly, any liability to which section 6901(a) applies is not a tax liability, but rather an independent liability. Other provisions of the tax code do not automatically apply to such obligations. The term "transferee" is specifically defined in section 6901(h) to include, for the purposes of

---

6. For the relevant portion of section 6901(a), see *supra* note 4.

section 6901(a), "any person who, under section 6324(a)(2), is personally liable" for unpaid estate tax. I.R.C. § 6901(h). Baptiste's liability under section 6324(a)(2), therefore, is not a tax liability, but is an independent personal obligation which, pursuant to section 6901(a), may be collected in a manner similar to that employed in collecting tax liabilities.

The next step in our analysis is to decide whether any provision imposes interest on the section 6324(a)(2) obligation, and whether any interest liability is subject to the "value of the assets" limitation contained in section 6324(a)(2). In addition to allowing the government to enforce a section 6324(a)(2) liability in much the same way as it enforces a tax liability, section 6901(a) also provides that a liability arising under section 6324(a) shall be "subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred." I.R.C. § 6901(a). Thus, section 6901(a) authorizes the government to impose interest on the obligation of the transferee under section 6601 as if it were a tax liability.[7] This conclusion is further bolstered by common sense, as it is unlikely that Congress would alter the traditional rule that one who possesses funds of the government must pay interest for the period that person enjoys the benefit of same.

Having determined that Baptiste's liability under section 6324(a)(2) is subject to the interest provision of section 6601, we must next determine the period during which that interest accrues and how its accumulation affects the underlying obligation of the estate for the estate tax. Section 6601(a) provides: "If any amount of tax imposed by this title ... is not paid on or before the last date prescribed for payment, interest on such amount ... shall be paid for the period from such last date to the date paid." I.R.C. § 6601(a). The last date prescribed for payment is not specifically identified in section 6601. Therefore, section 6601(b)(5) applies, providing: "[I]n all ... cases in which the last date for payment is not otherwise prescribed, the last date for payment shall be deemed to be the date the liability for tax arises...." I.R.C. § 6601(b)(5). Baptiste's liability for the estate's unpaid deficiency arose, under section 6324(a)(2), when the tax was not paid by the estate *and* Baptiste was in possession of the transferred assets.[8] In this case, the estate tax return was due and unpaid by the estate after Baptiste received the $50,000 in proceeds from the life insurance policy. As a result, Baptiste's liability arose on the day the estate tax return was due, and Baptiste is liable for interest on his $50,000 obligation from that date forward. The "value of the assets" limitation contained in section 6324(a)(2) applies only to the underlying tax obligation. This is an independent interest obligation imposed on Baptiste's liability under section 6324(a)(2) by way of sections 6901(a) and 6601(a).[9]

7. In his concurring opinion, the reasoning of which we have followed closely, tax court Judge James S. Halpern engages in a lengthy analysis of the legislative history of section 6901 and concludes that it was intended to authorize the government to impose interest on obligations subject to section 6901. *See Baptiste v. Commissioner*, 100 T.C. No. 16, 1993 WL 89210 (1993) (Halpern, J. concurring). We do not repeat that analysis here. Rather, to summarize, section 311, the predecessor to section 6901, specifically included, in a parenthetical, interest as one of the provisions the government could apply. In enacting section 6901, Congress removed the parenthetical, but gave no indication that in doing so it intended to make the interest provisions of the Code inapplicable to section 6901 liabilities. Rather, it appears that Congress was removing superfluous language, as the phrase "the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred" manifestly includes the interest

term of section 6601, which is a provision applicable to the underlying estate tax.

8. Section 6324(a)(2) imposes a personal liability for unpaid estate tax on a transferee who "receives" property included in the decedent's gross estate under sections 2034 through 2042. A transferee's personal liability cannot arise until the estate has failed to pay the estate taxes due *and* the transferee has received the property. Consequently, a transferee's liability arises on the later of the due date of the transferor's estate tax return or the date property included in the gross estate was received by the transferee.

9. This result comports with economic reality. The limitation of section 6324(a)(2) was designed to prevent a transferee from being liable for the estate taxes of another beyond the benefit he received from the estate. In the case of the disputed interest, however, Baptiste has had the use and enjoyment of the $50,000 from the time

## III. CONCLUSION

Baptiste raises three challenges to the tax court's grant of summary judgment to the government. First, he asserts that it erred in determining that he was a transferee under the Code as a matter of law. Second, he challenges the tax court's application of res judicata to the issue of the amount of the deficiency in estate tax determined in a prior case. Finally, he argues that the limitation in section 6324(a)(2), which allows a transferee to be held liable for unpaid estate tax only up to the amount of the assets he receives from the gross estate, applies to any interest on his obligation. We disagree and hold that the tax court was correct in its result on all three issues. We decide the interest issue, however, for reasons different than those expressed by the majority of the tax court.

AFFIRMED.

he received it until the present. There is no unfairness in requiring him to pay for this use, and the denial of its use to the government. Baptiste has had the opportunity to invest and earn a return on the $50,000 similar to that which he is now obligated to pay the government, and the government has been refused that opportunity. To hold otherwise would create a system which encourages transferees to retain assets of the estate, at the expense of the government, for as long as possible with no adverse consequences.