T.C. Memo. 2009-12

UNITED STATES TAX COURT

EDWARD R. VOCCOLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5398-06.                    Filed January 15, 2009.

Edward R. Voccola, pro se.

<u>Nina P. Ching</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment under Rule 121.  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined the following deficiencies, penalties, and addition with respect to petitioner's Federal income tax:

| Year | Deficiency | Penalty Sec. 6663 | Addition to Tax Sec. 6651(a)(1)[1] |
|------|-----------|-------------------|-----------------------------------|
| 1999 | $218,567 | $163,925.25 | $14,429 |
| 2000 | 338,277 | 253,529.25 | -- |

[1]Respondent's motion for summary judgment incorrectly states the sec. 6651(a)(1) addition to tax as sec. 6651(a)(2). The notice of deficiency, dated Dec. 16, 2005, states the addition as sec. 6651(a)(1).

The issues for consideration are: (1) Whether petitioner underreported income during the years in issue; (2) whether petitioner is liable for the addition to tax for failure to timely file a return under section 6651(a)(1); and (3) whether petitioner is liable for fraud penalties under section 6663.

## Background

On December 16, 2005, respondent sent petitioner notices of deficiency for the 1999 and 2000 tax years. Petitioner filed a petition with this Court on March 15, 2006, challenging the determined deficiencies, addition to tax, and penalties. At the time he filed his petition, petitioner resided in Massachusetts. On May 12, 2006, respondent filed an answer to the petition. The answer included an affirmative allegation of fraud. Petitioner did not file a reply.

On August 7, 2006, pursuant to Rule 37(c), respondent moved for entry of an order that the undenied allegations in the answer be deemed admitted (Rule 37(c) motion) by petitioner. The Court

ordered petitioner to file a reply by August 30, 2006, but petitioner never did so.[1]  On September 19, 2006, the Court granted respondent's Rule 37(c) motion and deemed admitted paragraphs 5(a) through (bbb) of respondent's answer.

On April 4, 2007, respondent filed a motion for summary judgment on the basis of the deemed admissions.  The Court ordered petitioner to file a response by April 23, 2007, but he did not do so.  The Court heard respondent's motion on May 21, 2007.  Petitioner did not appear at the hearing and did not file a Rule 50(c) statement in lieu of an appearance.

Respondent's motion for summary judgment requests that we sustain the deficiencies, addition to tax, and penalties determined in the notices of deficiency.  Respondent contends the facts deemed admitted under Rule 37(c) are sufficient to satisfy his burdens of proof as to the deficiencies, addition to tax, and penalties.

The deemed admissions under Rule 37(c) establish the following facts.

---

[1]The Court's order dated Aug. 8, 2006, on respondent's Rule 37(c) motion directing petitioner to file a reply was returned to the Court marked "unclaimed", but petitioner later received a copy of the order granting the Rule 37(c) motion enclosed in a letter respondent sent to petitioner on Feb. 27, 2007, almost 3 full months before the hearing on respondent's motions for summary judgment.

Petitioner omitted income and claimed false deductions on his 1999 and 2000 income tax returns as part of a 10-year pattern of intentionally evading tax.

On March 29, 2000, petitioner was indicted on three counts of tax evasion in violation of section 7201. Petitioner was charged with filing fraudulent joint income tax returns for the 1993, 1994, and 1995 taxable years, in that they overstated itemized deductions, reported negative taxable income, and reported a tax liability of zero. Petitioner pleaded guilty to all 3 counts, and the U.S. District Court for the District of Massachusetts entered judgment accordingly on December 30, 2000.

On September 10, 2002, petitioner was indicted on 11 counts of securities fraud, 2 counts of falsely representing Social Security numbers, 4 counts of mail fraud, and 1 count of wire fraud. Petitioner pleaded guilty to all of the charges.

For the tax years at issue, petitioner filed Forms 1040, U.S. Individual Income Tax Return, Forms 1045, Application for Tentative Refund, and Forms 1040X, Amended U.S. Individual Income Tax Return, to claim losses and generate refunds to which he was not entitled for those years.

On December 11, 2000, petitioner filed a late return for the 1999 tax year as a married individual filing separately. Petitioner claimed and received a refund of $18,509. Petitioner then filed a timely return for the 2000 tax year, reporting a

liability of $35,815 and an overpayment of $140,178. Respondent made adjustments to petitioner's return and recomputed his total tax liability as $54,939.

Petitioner then filed a return for the 2001 tax year and reported a tax liability of zero and a $164,418 loss on Schedule C, Profit or Loss From Business. Petitioner also filed a Form 1045 for the 1999 tax year, whereby petitioner claimed a carryback net operating loss of $159,755 resulting from the claimed loss in the 2001 taxable year. Respondent accordingly issued petitioner a refund of $66,247 on March 25, 2002.

On or about May 8, 2002, petitioner filed a Form 1040X for the 2001 tax year, increasing his Schedule C loss to $295,185. He also requested another refund for the 1999 tax year, claiming a carryback net operating loss of $290,400 as a result of the increased Schedule C loss for the 2001 tax year. Respondent accordingly issued petitioner a $52,410 refund on July 1, 2002.

On or about October 16, 2002, petitioner submitted a second Form 1040X for the 2001 tax year which further increased his Schedule C loss for that year to $521,757. Petitioner again requested a refund for the 1999 tax year, claiming a carryback net operating loss of $393,338 resulting from the increased 2001 Schedule C loss. This reduced petitioner's tax liability for 1999 to zero, and the remaining claimed net operating loss of $123,754 was carried forward to the 2000 tax year. At the same

time petitioner also requested a refund for the 2000 tax year. On January 6, 2003, respondent issued petitioner refunds for both years of $23,455 and $27,671.12, respectively.

On or about June 1, 2004, petitioner submitted a Form 1040X for the 2000 tax year, claiming a net operating carryback loss of $130,368. Petitioner then requested a refund of $28,151, but respondent rejected this claim.

After the carrybacks and carryforwards on his 1999 and 2000 tax returns, petitioner's reported taxable income was negative $29,917 and negative $43,874, respectively. His reported tax liabilities were zero and $28,395, respectively.

Petitioner prepared these returns himself. Petitioner holds a master's degree in business administration from Temple University Graduate School of Business, a juris doctor degree from Suffolk University School of Law, and a master of laws degree in taxation from Boston University School of Law. He also has years of work experience as a tax specialist.

Petitioner's correct taxable income in those years was actually $577,603 and $937,038. Petitioner claimed unsubstantiated Schedule C losses totaling $175,439 and $413,038 and unsubstantiated net operating loss carrybacks of $393,338 and $123,754, respectively. Petitioner also failed to report interest and dividend income received in both years.

Petitioner's correct tax liabilities for 1999 and 2000 were $218,567 and $366,672, respectively.  Thus, petitioner understated his income tax liabilities by $218,567 and $338,277.

In support of his 2000 tax return, petitioner submitted a Form W-2, Wage and Tax Statement, purportedly from State Street Bank & Trust Co. (SSB&T).  This Form W-2 understated his wage income for the year and was not the one actually prepared or issued by SSB&T.  On Schedules C of his returns for the 1999 and 2000 tax years, petitioner also wrongfully claimed he was a "trader in securities" using a "mark-to-market" accounting method.  Petitioner failed to maintain complete and accurate records of his income-producing activities and to produce such records to respondent in connection with the examination of his 1999 and 2000 tax returns.

## Discussion

Summary judgment may be granted when there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The opposing party cannot rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d).  The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most

favorable to the party opposing summary judgment. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

The first issue for decision is whether we should grant respondent summary judgment as to the deficiencies for the years in question.

Respondent's motion is supported by petitioner's failure to answer the affirmative allegations in the answer. Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion that specified allegations in the answer be deemed admitted. Rule 37(c). Facts deemed admitted under Rule 37(c) are considered conclusively established and may be relied on by the Commissioner even when he bears the burden of proof. <u>Baptiste v. Commissioner</u>, 29 F.3d 1533, 1537 (11th Cir. 1994), affg. T.C. Memo. 1992-198.

In his answer, respondent alleged that petitioner understated income by neglecting to report interest and dividends received, underreporting wages, and failing to substantiate claimed losses. Because petitioner did not reply to these allegations and the Court granted respondent's Rule 37(c) motion, petitioner is deemed to have admitted these facts. These admissions are adequate to support respondent's burden of proving

no genuine issue of material fact exists as to the deficiency determinations. Accordingly, we will grant respondent's motion as to the deficiencies determined for the years in issue.

The second issue for decision is whether we should grant respondent's motion for summary judgment as to the section 6651(a)(1) addition to tax for the 1999 tax year.

Section 6651(a)(1) provides for an addition to tax of up to 25 percent for failure to timely file a return unless such failure was due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Since petitioner did not deny the affirmative allegation that he filed his 1999 return late, he is deemed to have admitted this fact and is liable for the addition to tax under section 6651(a)(1). We accordingly will grant respondent's motion for summary judgment as to the section 6651(a)(1) addition to tax.

The third issue is whether we should grant respondent's motion for summary judgment as to the section 6663 fraud penalties.

Section 6663 imposes a penalty equal to 75 percent of the portion of any underpayment attributable to fraud. The Commissioner bears the burden of proving by clear and convincing evidence that an underpayment exists and that some portion of the underpayment for each year is due to fraud with the intent to

evade tax.  Sec. 7454(a); Rule 142(b).  Deemed admissions under Rule 37(c) are sufficient to satisfy this burden.  <u>Doncaster v. Commissioner</u>, 77 T.C. 334, 336-338 (1981).

Petitioner's deemed admissions also satisfy respondent's burden of proof for the section 6663 fraud penalties.  Petitioner is deemed to have admitted that he fraudulently omitted income and claimed false deductions as part of a plan to evade tax.  These admissions sufficiently establish that some portion of the underpayment for each year was due to fraud with intent to evade tax.  We, therefore, will grant respondent's motion for summary judgment as to the section 6663 penalties.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.