[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12400
Non-Argument Calendar
_____

Agency No. 024158-14 L


CHRISTOPHER E. HUMINSKI,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.


_____

Petition for Review of a Decision of the
U.S.Tax Court
_____

(February 15, 2017)

Before MARCUS, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Huminski, proceeding *pro se*, appeals from the U.S. Tax Court's orders: (1) granting the Commissioner's motion for summary judgment and sustaining its proposed levy to collect Huminski's unpaid tax liabilities for tax years 2005 through 2010; and (2) denying Huminski's related motion to vacate or revise.[1]  On appeal, Huminski argues that the Tax Court erred by granting summary judgment in favor of the Commissioner because "the IRS deliberately manufactured false evidence" when it calculated his tax deficiencies for tax years 2005 through 2010.  He also challenges the Tax Court's denial of his reconsideration motion.  According to Huminski, this motion "challenged the integrity of the tax court proceedings on the basis that the actions of [the IRS] perpetrated a fraud on the court," and this fraud resulted in an incorrect calculation of his tax deficiencies.  Accordingly, he argues that the Tax Court erred by summarily rejecting his fraud-on-the-court argument without allowing him the opportunity to conduct discovery to obtain those materials.  Finally, Huminski assigns error to the Tax Court's failure to "state its findings of fact" with respect to his fraud-on-the-court argument.

---

[1] Huminski's appeal in this case is related to his appeal in Case No. 16-11677.  The related appeal in Case No. 16-11677 concerns the U.S. Tax Court's denial of: (1) Huminski's "motion for leave to vacate" the Tax Court's November 2012 order accepting the Commissioner's deficiency calculations following Huminski's petition for a redetermination of tax deficiencies for tax years 2005 through 2008; and (2) his related motions for reconsideration thereof.

We review *de novo* the Tax Court's grant of summary judgment, reviewing the facts and applying the same legal standards as the Tax Court. *Baptiste v. C.I.R.*, 29 F.3d 1533, 1537 (11th Cir. 1994). We review the Tax Court's denial of leave to file a motion to vacate for abuse of discretion. *Davenport Recycling Associates v. C.I.R.*, 220 F.3d 1255, 1258 (11th Cir. 2000). The Tax Court's denial of a motion for reconsideration is also reviewed for an abuse of discretion. *See Byrd's Estate v. C.I.R.*, 388 F.2d 223, 234 (5th Cir. 1967). We liberally construe briefs filed by *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). However, we may affirm the Tax Court's decision "on any ground that finds support in the record." *Long v. Commissioner of IRS*, 772 F.3d 670 (11th Cir. 2014).

During a collection due process hearing, a taxpayer is accorded certain, but limited, procedural safeguards in collection matters. A taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy." 26 U.S.C. § 6330(c)(2)(A). However, a taxpayer may only challenge the existence or amount of the underlying tax liability if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B).

The Tax Court did not err by granting the Commissioner's motion for summary judgment and sustaining the IRS's proposed levy. In this case, the only

challenge that Huminski has raised to the IRS's collection process, both in the Tax Court and on appeal, is his argument that the IRS committed fraud on the Court when it calculated his tax deficiencies for tax years 2005 through 2010.  However, Huminski unsuccessfully challenged his tax liability for tax years 2005 through 2008 in his previous Tax Court case.  Furthermore, as Huminski affirmatively concedes, the Commissioner issued him—and he received—statutory notices of deficiency for tax years 2009 and 2010 in 2013.  However, Huminski did not file a petition in the Tax Court challenging the 2009 or 2010 tax deficiencies and penalties within the 90 day time limitation.  Accordingly, Huminski was precluded from challenging his underlying tax liability in the instant collection action, because he received statutory notices of deficiency for all of the relevant tax years and had an opportunity to dispute same. *See* 26 U.S.C. § 6330(c)(2)(B).[2]  Thus, the Tax Court did not err by granting the Commissioner's motion for summary judgment based on § 6330(c)(2)(B).

Likewise, the Tax Court did not abuse its discretion by denying Huminski's motion for reconsideration. *See Byrd's Estate,* 388 F.2d at 234.  The only argument Huminski raised in this motion was that the Tax Court erred by failing to make

---

[2]    As mentioned in note 1, supra, Huminski's related appeal No. 16-11677 sought to reopen his challenge of the tax deficiencies for years 2005 through 2008.  This Court has now affirmed the Tax Court's denial of Huminski's motion to reopen his challenge with respect to those years.  Thus, with respect to the years 2005 through 2008, Huminski not only had an opportunity to challenge the deficiencies, he did so and lost.  And as we note in the text above, Huminski had an opportunity to challenge the deficiencies for the years 2009 and 2010, but failed to do so within the 90 day time limit.

specific findings concerning his argument that his underlying tax liabilities were the product of IRS fraud.  Although the Tax Court denied Huminski's motion for reconsideration in a summary fashion, remand is not required because a complete understanding of the issues may be had without the aid of separate findings. *See Harris v. Thigpen*, 941 F.2d 1495, 1504 n.16 (11th Cir. 1991) (interpreting the requirement, from Fed. R. Civ. P. 52(a), that a district court must make findings of fact and conclusions of law in the record).  Furthermore, even assuming, *arguendo*, that the Tax Court erred by failing to explain its reasoning, we may affirm "on any ground that finds support in the record." *Long*, 772 F.3d at 675.  As discussed previously, *supra*, Huminski was precluded from challenging his underlying tax liability because he received statutory notices of deficiency for tax years 2005-2010.  Accordingly, the Tax Court did not err by declining to address Huminski's fraud-on-the-court argument, because it only pertained to the existence and amount of his underlying tax liability.  Thus, the Tax Court did not abuse its discretion by denying Huminski's motion for reconsideration, and we affirm.

**AFFIRMED.**