T.C. Memo. 1999-89


UNITED STATES TAX COURT


LINDA RUTH PALMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9338-97.                    Filed March 23, 1999.


<u>Clinton M. Fried</u> and <u>Kirk S. Chaberski</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  This case is before the Court on respondent's
motion for summary judgment pursuant to Rule 121.  Unless
otherwise indicated all section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes:

| Year | Deficiency | Additions to Tax and Penalties | | |
|------|-----------|-----------|-----------|-----------|
| | | Sec. 6653(b)(1)[1] | Sec. 6654 | Sec. 6661 |
| 1982 | $6,918 | $3,459 | $656 | $1,730 |
| 1983 | 53,455 | 26,728 | 3,271 | 13,364 |
| 1984 | 41,584 | 20,792 | 2,614 | 10,396 |

[1] Plus 50 percent of the interest on the deficiency under section 6653(b)(2).

Petitioner resided in East Dublin, Georgia, at the time she filed the petition in the instant case. In the answer, respondent denied all substantive allegations of fact and error contained in the petition and affirmatively alleged the following facts:

6. FURTHER ANSWERING the petition and in support of respondent's determination that the underpayment of tax required to be shown on the petitioner's federal income tax returns for each of the taxable years 1982, 1983, and 1984 is due to fraud, the respondent alleges:

(a) From at least January of 1981 through October of 1985, the petitioner operated, as a sole proprietorship, a retail store in Las Vegas, Nevada known variously as "Linda Palmer Designs," "Mill Direct Carpets," and "Mill Direct Carpet and Furniture."

(b) The business referred to in subparagraph 6.(a) above was primarily engaged in the retail sale of carpeting and other floor coverings, though the business also sold draperies and wall coverings.

(c) During all relevant periods, the petitioner was solely responsible for maintaining all books and records of the business referred to in subparagraph 6.(a) above.

(d) On or about April 15, 1983, the petitioner, with her husband Wayne E. Palmer (since deceased), filed a joint federal income tax return (Form 1040) for the 1982

taxable year with the Director, Ogden Service Center in Ogden, Utah.

(e) The petitioner signed the joint 1982 federal income tax return referred to in subparagraph 6.(d) above on her own behalf and on behalf of Wayne E. Palmer as "his attorney in fact."

(f) The petitioner's 1982 joint federal income tax return reflected total income of $0 and total tax liability in the amount of $0.  Said return made no mention of any business income or expenses or of any other income received by either the petitioner and/or Wayne E. Palmer during that taxable year.

(g) On her joint 1982 federal income tax return, the petitioner listed her occupation as "disabled."

(h) On or about May 17, 1984, the petitioner filed a joint federal income tax return (Form 1040) with Wayne E. Palmer for the 1983 taxable year with the Director, Ogden Service Center in Ogden, Utah.  The sole income listed on said return is a loss in the amount of $10,524 which is reflected on a Schedule C (Profit (or Loss) From Business or Profession) from a business known as "Mill Direct Carpets." That Schedule C lists the petitioner as the sole proprietor of that business.

(i) On the Schedule C referred to in subparagraph 6.(h) above, the petitioner listed gross receipts or sales in the amount of $343,607.  After subtracting the claimed cost of goods sold, returns and allowances, the petitioner listed gross income from Mill Direct Carpets of $103,504, total deductions in the amount of $114,028, and a net loss from the business of $10,524.

(j) The petitioner listed total income tax liability of $0 on her 1983 joint federal income tax return.

(k) On or about April 15, 1985, the petitioner filed a joint federal income tax return (Form 1040) with Wayne E.  Palmer for the 1984 taxable year with the Director, Ogden Service Center in Ogden, Utah.  The sole income listed on said return is on an attached Schedule C which reflects a net loss in the amount of $4,519 from the operation of Mill Direct Carpets by the petitioner.

(l) The 1994 Schedule C referred to in subparagraph 6.(k) above reflects gross receipts or sales of $493,956 less claimed cost of goods sold in the amount of $333,930 for gross income of $160,026. Said Schedule C also lists total deductions in the amount of $164,545 for a net loss from the operation of the business in the amount of $4,519.

(m) The petitioner listed total income tax liability of $0 on her 1984 joint federal income tax return.

(n) The petitioner's 1982, 1983, and 1984 federal income tax returns were prepared by the "Nevada Tax Professionals" based upon information provided to them by the petitioner.

(o) The petitioner did not supply the "Nevada Tax Professionals" with access to books and records relating to income and expenses of her business for any of the taxable years here at issue.

(p) The petitioner failed to maintain, or submit for examination by the respondent, any books of account and/or records of her business relating to gross and net receipts for each of the taxable years 1982 through 1984, as is required by applicable provisions of the Internal Revenue [C]ode and the regulations promulgated thereunder.

(q) Any records maintained by the petitioner for the 1982 through 1984 taxable years are incomplete, inadequate, fail to disclose all receipts and disbursements, and do not properly reflect the petitioner's correct taxable income for any of those years.

(r) The petitioner's failure to keep adequate records regarding the income and expenses of her business and/or her failure to turn any such records over to the respondent constitutes indicia of the petitioner's fraudulent intent to evade the assessment and payment of federal income tax due following the receipt of that income.

(s) The respondent has determined the petitioner's correct gross receipts and resultant taxable income for each of taxable years 1982 through 1984 on the basis of the bank deposits analysis method of income reconstruction. In making said analysis, the respondent has utilized all available records.

(t) Attached as Exhibits 1A and 1B to the Notice of Deficiency (which is itself attached hereto as Exhibit A) is a bank deposits analysis statement of income reconstruction for the petitioner's 1982 through 1984 taxable years. Such analysis is incorporated herein in its entirety by reference. The petitioner did in fact make all deposits to bank accounts as are reflected on those exhibits.

(u) The petitioner's understatement of gross receipts as determined by the bank deposits analysis method of income reconstruction is in the amount of $95,445 for 1982, $138,160 for 1983 and $103,125 for [the] 1984.

(v) During 1982, 1983, and 1984, neither the petitioner nor Wayne E. Palmer received any gifts, inheritances, legacies or other devises.

(w) At the beginning of the 1982 taxable year and at all times during 1982, 1983, and 1984, neither the petitioner nor Wayne E. Palmer received any non-taxable or excludable income, receipts, cash, or other assets other than as reflected in the bank deposits analysis attached hereto and incorporated herein by reference.

(x) The petitioner realized gross receipts from her business during 1982 in the amount of $95,445 which she fraudulently omitted from her 1982 joint federal income tax return with the intent to evade income tax.

(y) The petitioner realized gross receipts from her business during 1983 in the amount of $138,160 which she fraudulently omitted from her joint 1983 federal income tax return with the intent to evade income tax.

(z) The petitioner realized gross receipts from her business during 1984 in the amount of $103,125 which she fraudulently omitted from her joint 1984 federal income tax return with the intent to evade income tax.

(aa) In addition to the unreported gross receipts from her business which the respondent was forced to determine through use of the bank deposits analysis, the petitioner received interest income during 1982, 1983, and 1984 in the respective amounts of $7,541, $6,619 and $610.

(ab) The petitioner reported none of the interest income reflected in subparagraph 6.(aa) above on her respective 1982, 1983, and 1984 federal income tax returns.

(ac) In addition to the interest and business income reflected above, the petitioner realized income from the sale of a tractor during the 1984 taxable year in the amount of $4,478, which income the petitioner failed to report on her joint 1984 federal income tax return.

(ad) The petitioner also received taxable social security income during 1984 in the amounts of $4,478 which she failed to report on her joint 1984 federal income tax return.

(ae) The petitioner's failure to report income as reflected above on her 1982, 1983, and 1984 joint federal income tax returns was fraudulent with the intent to evade income tax.

(af) The petitioner represented to third-parties that her gross, net, and taxable income from her business and from other sources was significantly higher than the income which she reported on her joint 1982, 1983, and 1984 federal income tax returns. These wilful misrepresentations included the petitioner's sworn written statements which she submitted with applications for loans.

(ag) The misrepresentations reflected in subparagraph 6.(af) above indicate the petitioner's contemporaneous knowledge that her income was significantly greater than that which she reported on the tax returns which she filed with the respondent, that those returns were false, and that at all relevant times she possessed a fraudulent intent to evade the assessment and payment of income tax.

(ah) The petitioner affirmatively attempted to mislead agents of the Internal Revenue Service as to her gross income for each of the years here at issue, and failed to cooperate during the respondent's examination of her true income with respect to those years. This behavior and lack of cooperation provide evidence of petitioner's intent to defraud.

(ai) The petitioner also failed to report substantial income from her business on her 1985 federal

income tax return, which year is not before the Court in this case.

(aj) The petitioner's four-year pattern of substantially underreporting income from her business evidences her intent to evade or defeat the assessment and payment of income taxes for each of those years.

(ak) The petitioner's failure to reflect her operation of any business interest whatsoever on her 1982 federal income tax return, while in reality realizing net income in excess of $95,000 from the operation of that business during that year provides further evidence of her intent to defraud.

(al) The petitioner's act of reporting net losses from the operation of her business on her joint federal income tax returns for each of the taxable years 1983 and 1984 while in reality realizing net income in excess of $138,000 and $103,000 during those years, respectively, provides additional evidence of the petitioner's intent to defraud.

(am) The petitioner and Wayne E. Palmer enjoyed a tremendous increase in their net worth during the years here at issue while reporting negative net income on the joint tax returns which they filed with the respondent and while paying $0 in federal income tax during that same 3-year period.

(an) During 1995, the petitioner entered a plea of guilty before the United States District Court for the District of Utah to wilfully [sic] filing a false federal income tax return for the 1984 taxable year in violation of 26 U.S.C. 7206(1).

(ao) The material falsity to which the petitioner entered a plea of guilty was her willful failure to accurately report the true income received from her business during the 1984 taxable year.

(ap) The petitioner is collaterally estopped in the instant proceeding from denying that she willfully failed to report a material amount of income from her business on her 1984 joint federal income tax return.

(aq) All of the deficiency in income tax due from the petitioner for each of the taxable year 1982, 1983, and 1984 is due to fraud with the intent to evade income tax.

Petitioner failed to reply to respondent's answer within the time permitted by Rule 37(a). Respondent moved, pursuant to Rule 37(c), for entry of an order that the undenied allegations in the answer be deemed admitted. The Court gave petitioner notice of respondent's motion and instructed petitioner that "if petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules * * *, respondent's motion will be denied." The Court's notice also advised petitioner that "if petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer."

Petitioner did not respond to respondent's motion. The Court granted respondent's motion and deemed admitted the undenied affirmative allegations of fact set forth in respondent's answer.

Pursuant to notice to the parties, the instant case was set for trial during the Court's trial session in Atlanta, Georgia. Respondent filed a motion for summary judgment. Petitioner moved for a continuance which was denied. Petitioner never filed a response to respondent's motion for summary judgment. Petitioner did not appear before the Court when the instant case was called

for trial, and respondent's motion for summary judgment was taken under advisement.

We must now decide, based on the record in the instant case, including the facts deemed admitted, whether petitioner is liable for the deficiencies and additions to tax determined by respondent.

## Summary Judgment

We grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  The party opposing the motion cannot rest upon the allegations or denials in the pleadings, but must "set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d). "The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment."  Marshall v. Commissioner, 85 T.C. 267, 271 (1985).

## Period of Limitations

In general, section 6501(a) requires the Commissioner to assess income tax deficiencies within three years from the date the tax return was filed.  However, section 6501(c)(1) provides:

SEC. 6501(c). Exceptions.--

(1) False Return.--In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

As discussed in detail below, we have found that the facts deemed admitted under Rule 37(c) establish that petitioner's income tax returns for 1982, 1983, and 1984, were filed fraudulently with the intent to evade tax. Consequently, the three-year period of limitations in section 6501(a) does not apply.

Deficiencies and Additions to Tax Under Sections 6654 and 6661

As to the deficiencies determined by respondent and the additions to tax under sections 6654 and 6661, respondent's determinations are presumptively correct, and petitioner bears the burden of proving otherwise. See Rule 142(a). Based on the facts deemed admitted, petitioner has failed to meet her burden of proof. See Marshall v. Commissioner, supra at 272. Accordingly, we shall grant summary judgment for respondent with respect to such deficiencies and additions.

Additions to Tax Under Section 6653(b)

Respondent determined that petitioner is liable for the additions to tax for fraud pursuant to section 6653(b), which requires respondent to establish, by clear and convincing evidence, that there is an underpayment of tax and that some portion of that underpayment is due to fraud. See sec. 7454(a);

Rule 142(b); DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992).

"Facts deemed admitted pursuant to Rule 37(c) are considered conclusively established and may be relied upon by the government even in relation to issues where the government bears the burden of proof." Baptiste v. Commissioner, 29 F.3d 1533, 1537 (11th Cir. 1994), affg. T.C. Memo. 1992-198; see also Doncaster v. Commissioner, 77 T.C. 334, 336-338 (1981) (holding that deemed admissions under Rule 37(c) are sufficient to satisfy the government's burden of proof with respect to the issue of fraud).

"Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing." Petzoldt v. Commissioner, 92 T.C. 661, 698 (1989). Whether fraud exists is a question of fact to be resolved upon review of the entire record. See Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. See Beaver v. Commissioner, 55 T.C. 85, 92 (1970). It may, however, be proved by circumstantial evidence. See Otsuki v. Commissioner, 53 T.C. 96, 106 (1969). Courts have relied on a number of indicia or badges of fraud in deciding whether to sustain the Commissioner's determinations with respect to the additions to tax for fraud including: (1) understating income, (2) maintaining inadequate records, (3) failing to cooperate with

tax authorities, and (4) failing to make estimated tax payments. See Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).

In the instant case, the deemed admissions pursuant to Rule 37(c) include petitioner's admission to a number of indicia of fraud including: (1) understating her income taxes in the amounts of $6,918, $53,455, and $41,584 for the 1982, 1983, and 1984, taxable years, respectively; (2) maintaining inadequate records; and (3) failing to cooperate with tax authorities. Additionally, petitioner has failed to make estimated tax payments, another indicia of fraud. Furthermore, petitioner failed to appear for trial which is another indicia of fraud. See Smith v. Commissioner, 91 T.C. 1049, 1059-1060 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). Finally, with regard to the 1984 taxable year, petitioner pleaded guilty to willfully filing a false Federal income tax return in violation of 26 U.S.C. sec. 7206(1). Although petitioner's conviction does not collaterally estop her from denying fraud, such conviction is one of the facts to be considered. See Wright v. Commissioner, 84 T.C. 636, 643-644 (1985). Based on the foregoing, we conclude that respondent has satisfied the burden of proving, by clear and convincing evidence, that the entire underpayment of tax for each of the years in issue was due to fraud. Accordingly, we sustain respondent's determination regarding the additions to tax for fraud under section 6653(b).

We have considered the parties remaining arguments[1] and find them irrelevant or unnecessary to reach.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.

---

[1] In the petition, petitioner contends that her husband was responsible for filing the income tax returns during the years in issue and that she had no knowledge of any understatement of tax when she signed those returns. Because the deemed admissions clearly contradict petitioner's contention, we find that there is no genuine issue of fact and, accordingly, we shall grant respondent's motion for summary judgment.