T.C. Memo. 1999-422

UNITED STATES TAX COURT

WILLIAM J. TULLY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16008-98.               Filed December 27, 1999.

William J. Tully, pro se.

<u>Edwin A. Herrera</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This case is before the Court on respondent's motion for partial summary judgment and second motion for partial summary judgment pursuant to Rule 121.[1]  Respondent determined a

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and
(continued...)

deficiency in petitioner's 1993 Federal income tax in the amount of $57,327, and an addition to tax pursuant to section 6651(a)(1), for failure to file, and a penalty pursuant to section 6663, for fraud, in the amounts of $14,332 and $42,995, respectively. Petitioner resided in Ontario, California, at the time he filed the petition in the instant case.

On September 29, 1998, petitioner filed a petition with this Court seeking a redetermination of his income tax liability. In the petition, petitioner listed as his address 634 East Yale Street, Ontario, California 91764 (the Yale Street address). On November 25, 1998, respondent filed an answer in the instant case asserting the above deficiency and facts to support a fraud penalty. Petitioner failed to deny any of the allegations contained in respondent's answer.

On March 30, 1999, respondent moved, pursuant to Rule 37(c), for entry of an order that the allegations in the answer be deemed admitted. The Court issued a notice of filing of respondent's Rule 37(c) motion and ordered that petitioner file a reply by April 19, 1999. The order instructed petitioner that "If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules * * *, respondent's motion will be denied." The Court's notice also advised petitioner that "If petitioner

---

[1](...continued)
Procedure.

does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer."  Upon petitioner's failure to file a reply, the Court granted respondent's motion and deemed admitted the affirmative allegations of fact set forth in respondent's answer.

On April 27, 1999, the Court issued the notice of trial for the instant case for the trial session in Los Angeles, California, on September 27, 1999.

On June 21, 1999, respondent filed a motion for partial summary judgment based upon the allegations in respondent's answer, which allegations were deemed admitted pursuant to Rule 37(c).  On June 22, 1999, the Court ordered petitioner to file a response to the motion for partial summary judgment on or before July 22, 1999.  Petitioner failed to file a response.  On June 21, 1999, respondent filed a request for admissions pertaining to the addition to tax for delinquency under section 6651(a)(1).  Petitioner failed to file a response to respondent's June 21, 1999, request.  On August 24, 1999, respondent filed a second motion for partial summary judgment based upon the admissions as to the addition to tax under section 6651(a)(1).[2]  On August 27, 1999, the Court ordered petitioner to file a response to

---

[2]    Taken together, respondent's motions for partial summary judgment, if granted, dispose of all of the issues in the instant case.

respondent's second motion for partial summary judgment on or before September 10, 1999. Petitioner failed to file a response.

All papers filed by respondent contained a certificate of service indicating that petitioner was served by mail at the Yale Street address. All of the Court's orders were served upon petitioner at the Yale Street address and, except the order granting respondent's Rule 37(c) motion, were sent by certified mail. None of the Court's mail serving the orders on petitioner at the Yale Street address was returned as undeliverable.

On September 27, 1999, the instant case was called from the Court's trial calendar at Los Angeles, California. Petitioner appeared and orally moved to vacate the deemed admissions on the ground that he had not received any of the mailings because he had moved from his Yale Street address. Respondent objected. Upon inquiry, respondent's counsel advised the Court that none of the mailings to petitioner at the Yale Street address were returned to respondent as undeliverable. The instant case was continued for the purpose of conducting a hearing and resolving petitioner's oral motion.

On October 25, 1999, a hearing was held before Special Trial Judge Nameroff, and the parties appeared and were heard on petitioner's oral motion and respondent's objection. The Court denied petitioner's oral motion to vacate the deemed admissions, stating:

The evidence indicates that October 19, 1998, petitioner had filed with the U.S. Post Office a notice of change of address from the Yale St. address to P.O. Box 2030, Upland, CA 91785 and that said notification of change of address was valid for 1 year. Indeed, a communication from respondent to petitioner on October 7, 1999, to the Yale St. address was delivered to petitioner and signed for by him on October 14, 1999. While it is possible that petitioner may have had some difficulty with his mail, there is no evidence that the Court's notifications to petitioner were not delivered, petitioner's self-serving denials notwithstanding.

Consequently, the facts deemed admitted as a result of respondent's Rule 37(c) motion and as a result of respondent's request for admissions, pursuant to Rule 90(c), may be considered for the purpose of respondent's motions for partial summary judgment. See Marshall v. Commissioner, 85 T.C. 267, 273 (1985); Doncaster v. Commissioner, 77 T.C. 334 (1981).

The following are the facts deemed admitted. During the taxable year 1993, petitioner engaged in the business of establishing exempt organizations. Petitioner held himself out as an attorney authorized to practice law and as a financial consultant. He conducted seminars encouraging people to establish exempt organizations and falsely informed them that, by establishing these organizations, they could avoid income tax by conducting all of their financial transactions through the exempt organizations. Petitioner recruited clients at the seminars as well as through direct mailings to accountants and others.

As part of the services he provided clients, petitioner submitted required filings to the State of Nevada and tried to

obtain exempt status for his clients from the Internal Revenue Service. In some cases, petitioner did not submit the required filings. For each exempt organization he purportedly established, petitioner received a fee of approximately $3,000. Records maintained by the State of Nevada indicate that petitioner attempted to establish at least 98 exempt organizations during the taxable year 1993.

Petitioner encouraged clients to name persons as officers and members of the exempt organizations' board of directors whom his clients could trust to act in name only. Petitioner emphasized that these individuals should be willing to resign at his clients' desire and that a power of attorney from such persons to his clients to vote on their behalf was encouraged. On several occasions, petitioner offered to act or acted as an officer or member of the board of such organizations. Petitioner also maintained a list of doctors, lawyers, and others who could be trusted to act as officers and board members in name only.

Petitioner warned his clients not to send up "flags" for the Internal Revenue Service. On one occasion, petitioner described the client's exempt organizations as a "license to steal". In several instances, petitioner did not fulfill the promises he made to his clients.

On their 1993 Federal income tax return, petitioner and his wife filed a Schedule C which listed a business named "All

American Financial Services" (All American). Petitioner alleged that All American was a sole proprietorship in the business of consulting. On the Schedule C, petitioner listed his Social Security number but omitted his employer identification number. Petitioner understated his Schedule C gross receipts for the 1993 taxable year by $187,745. In addition to understating his gross receipts on the Schedule C, petitioner also overstated his exemptions and his standard deduction for married persons and underreported his self-employment taxes.

A motion for partial summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in the pleadings but must "set forth specific facts showing that there is * * * [a] genuine issue for trial." Rule 121(d). "The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment." Marshall v. Commissioner, supra at 271.

"Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing." Petzoldt v. Commissioner, 92

T.C. 661, 698 (1989). Whether fraud exists is a question of fact to be resolved upon review of the entire record. See Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). "Fraud is never presumed." Beaver v. Commissioner, 55 T.C. 85, 92 (1970).

"Facts deemed admitted pursuant to Rule 37(c) are considered conclusively established and may be relied upon by the government even in relation to issues where the government bears the burden of proof." Baptiste v. Commissioner, 29 F.3d 1533, 1537 (11th Cir. 1994), affg. T.C. Memo. 1992-198; see also Doncaster v. Commissioner, supra at 336-338 (holding that deemed admissions under Rule 37(c) are sufficient to satisfy the Government's burden of proof with respect to the issue of fraud).

Based on the facts asserted in respondent's answer, which facts are deemed admitted, there is no genuine issue of material fact with respect to respondent's determinations. Petitioner is deemed to have fraudulently understated by $187,745 his Schedule C gross receipts for the year in issue. Petitioner knowingly prepared a false 1993 tax return with the intent to evade tax when he: (1) Overstated his exemptions, (2) overstated his standard deduction for married persons, (3) underreported his self-employment taxes, and (4) understated his income tax liability. Petitioner's fraudulent actions, as set forth above, are part of a 2-year pattern of fraud in which petitioner engaged

with the intent to evade tax. See <u>Tully v. Commissioner</u>, T.C. Memo. 1997-310 (holding petitioner liable for the fraud penalty for failing to report income from his business of establishing exempt organizations).

In the instant case, based on the deemed admissions, we uphold respondent's determination of the $57,327 deficiency in petitioner's 1993 income tax. Moreover, we conclude that respondent has satisfied the burden of proving, by clear and convincing evidence, that the entire underpayment of tax for the year in issue was due to fraud. Accordingly, respondent is entitled to partial summary judgment, and petitioner is liable for the fraud penalty pursuant to section 6663 for the taxable year 1993.

In the case of a taxpayer who fails to file a timely tax return, section 6651(a)(1) provides for an addition to tax, unless the taxpayer can demonstrate that the failure to file was due to reasonable cause and not due to willful neglect. See sec. 6651(a)(1). The Internal Revenue Code does not define reasonable cause, but the regulations state: "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to reasonable cause." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is "conscious, intentional failure or reckless indifference." <u>United States v. Boyle</u>, 469 U.S. 241,

245 (1985).

Whether petitioner acted with "reasonable cause", and not with "willful neglect", is a question of fact, and petitioner bears the burden of proof. See Rule 142(a); see also Lee v. Commissioner, 227 F.2d 181, 184 (5th Cir. 1955), affg. a Memorandum Opinion of the Court dated Jan. 1, 1953.

Respondent's request for admissions requested that petitioner admit or deny the following, all of which pertain to the issue of petitioner's liability for an addition to tax for failure to file timely pursuant to section 6651(a)(1):

> 1. Petitioner did not file his joint federal income tax return for tax year ended December 31, 1993 * * * until August 2, 1995.
> 2. Petitioner failed to timely file his income tax return for the taxable year 1993.
> 3. Petitioner had no excuse for failing to timely file the aforesaid tax return.

Pursuant to Rule 90(c), each matter is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party a written answer which admits or denies the assertions made by respondent. Based on the deemed admissions as a result of petitioner's failure to file any response to respondent's requests pursuant to Rule 90(c), we sustain respondent's determination as to the failure to file timely penalty pursuant to section 6651(a)(1).

Pursuant to section 6673(a)(1), this Court is authorized to impose a penalty against a taxpayer, not in excess of $25,000, whenever it appears that, inter alia, the proceedings before the Court have been instituted or maintained by the taxpayer primarily for delay. See sec. 6673(a)(1)(A). The penalty provision of section 6673(a)(1) is generally used to sanction flagrant tax protesters and abusive tax shelters, but it is also a proper channel for this Court to sanction and deter the use of false testimony and to protect the integrity of our proceedings from intentional misconduct. See Bagby v. Commissioner, 102 T.C. 596, 615 (1994); see also Ash v. Commissioner, 96 T.C. 459, 472-473 (1991) (noting this Court's power to impose sanctions when the underlying facts and circumstances establish an abuse of the Court's processes). In the instant case, petitioner's conduct warrants sanction pursuant to section 6673(a)(1)(A).

Petitioner's conduct should be sanctioned because it resulted in an abuse of the Court's processes and was designed, primarily, to cause delay. In particular, during the September 27, 1999, trial session in Los Angeles, California, a question arose as to petitioner's experience with Tax Court litigation. As the Court attempted to ascertain the extent of petitioner's Tax Court experience, the following discourse took place:

> THE COURT: But you have appeared in this Court before, is that correct?
> MR. TULLY: I don't know about this courtroom, Your Honor.

> THE COURT:  The U.S. Tax Court.
> MR. TULLY:  I was in U.S. Tax Court one – one day. Yes, one day in the last six, seven years, and I was never in Tax Court or in this Court prior to that. I've been in this Court one day, maybe two days, to pick up paperwork or something, but only one day for a hearing that lasted about four hours.  That's my only experience in United States Tax Court or any court.

In fact, however, petitioner has had extensive experience in the U.S. Tax Court.

Petitioner appeared before the U.S. Tax Court, prior to his appearance in the instant case, either pro se or as an officer of certain charitable organizations, on nine different occasions. See Oliver Family Found. v. Commissioner, T.C. Memo. 1999-234; Hart Found. v. Commissioner, T.C. Memo. 1999-228; Resource Management Found. v. Commissioner, T.C. Memo. 1999-224; Share Network Found. v. Commissioner, T.C. Memo. 1999-216; Tamaki Found. v. Commissioner, T.C. Memo. 1999-166; Tate Family Found. v. Commissioner , T.C. Memo. 1999-165; Bowen Family Found. v. Commissioner, T.C. Memo. 1999-149; Tully v. Commissioner, T.C. Memo. 1997-310; Oliver Family Found. v. Commissioner, T.C. Memo. 1997-220.  Petitioner, moreover, is prosecuting the appeal of two of these cases before the Court of Appeals for the Ninth Circuit, and he prosecuted one case before a Federal District Court in Tully v. Kaply, 81 AFTR 2d 98-2125 (C.D. Cal. 1998).  See Tate Family Found. v. Commissioner, T.C. Memo. 1999-165. Additionally, although petitioner is not licensed to practice law, he did attend law school.

Based upon the foregoing, we conclude that petitioner has had sufficient experience with this and other courts to know that he would be receiving important mailings pertaining to this case and that he must contact the Court and respondent to give notice of his address change. Instead, petitioner waited until this case was called for trial to allege that he had not received the Court's or respondent's notices. Petitioner then deliberately misstated his legal experience in an apparent attempt to persuade the Court to show leniency by vacating the deemed admissions based upon his assertion that he had not received the Court's or respondent's notices.

Had the Court known the extent of petitioner's legal experience at the time of the call of this case from the calendar, the Court would have held petitioner to the deemed admissions when he appeared at that time. A continuance and hearing would not have been necessary. In short, by deliberately misstating his experience before this Court, petitioner abused the Court's processes and caused undue delay. Petitioner's unacceptable conduct in the instant case resulted in an unnecessary and considerable waste of the Court's time and resources. Accordingly, the maximum penalty is appropriate, and we therefore, on our own motion, require petitioner to pay to the United States a penalty in the amount of $25,000. See sec. 6673(a)(1).

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered</u>
<u>for respondent</u>.