**In re Kathleen M. PERT f/k/a Kathleen M. Riffe, Debtor.**

**Kathleen M. PERT f/k/a Kathleen M. Riffe, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 93–13179–8B7.
Adversary No. 95–625.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 27, 1996.

B. Gray Gibbs, St. Petersburg, FL, for Plaintiff.

David N. Geier, Washington, DC, for Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT ON ISSUE OF TRANSFEREE LIABILITY

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

This cause came on for consideration upon the Plaintiff's (Debtor) Verified Motion for Partial Summary Judgment as to Count I and Count II, filed November 30, 1995, and the Motion by the United States for Summary Judgment on Issue of Transferee Liability ("Motion") filed April 26, 1996. Debtor filed this adversary complaint seeking a determination of the dischargeability of income taxes and transferee liabilities imposed by the United States of America ("Defendant"). The motions seek, as a matter of law, a judgment declaring whether transferee liabilities assessed pursuant to 26 U.S.C. § 6901 against the Debtor are excepted from discharge under 11 U.S.C. § 523(a)(1). The Court has considered the arguments and the evidence consistent with a ruling on a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) (holding the standard of proof in summary judgment rulings is the same as it would be at trial); *Celotex v. Catrett,* 477 U.S. 317, 323–35, 106 S.Ct. 2548, 2552–59, 91 L.Ed.2d 265 (1986) (discussing the appropriate burdens of proof and types of evidence to use in summary judgment decisions); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986) (detailing the elements of summary judgment analysis). The Court having considered the Motion together with the record, finds the undisputed facts as follows:

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 22, 1993. The Internal Revenue Service was listed as a creditor on Debtor's schedules of assets and liabilities. On April 1, 1994, Debtor was granted a discharge.

Subsequent to the Debtor's discharge, on May 27, 1994 the Internal Revenue Service issued a Notice of Transferee Liability purporting to assess $67,672.00 [1] against the Debtor. The transferee liability arises from circumstances in which the Debtor allegedly received transfers of assets from her deceased husband's estate when there remained unpaid taxes assessed against her deceased husband. [2] The Debtor contends that if transferee liability exists (an issue not conceded by the Debtor) the transferee liability is a general unsecured debt which is dischargeable and has been discharged pursuant to the discharge entered on April 1, 1994. It is the Defendant's position the transferee liability is a tax as referred to in § 507 and thus is non-dischargeable by virtue of 11 U.S.C. § 523(a)(1).

This Court's determination of the narrow issue of whether the transferee liability is a "tax" as referred to in § 507 and § 523 is dispositive of these motions. [3] If the transferee liability is not a tax, then it is a general unsecured debt not excepted from discharge. If the Court determines the transferee liability is a tax, then a determination must be made whether the tax is excepted from discharge pursuant to § 523(a)(1).

■■■ Transferee liability arises in situations where a taxpayer transfers assets to a third party and the transfer of such assets renders the taxpayer insolvent and unable to pay his taxes. [4] The Government may enforce the taxpayer's liability against the transferee of the taxpayer's assets using a summary procedure provided for in 26 U.S.C. § 6901 to assess liability against the transferee. [5]

The relevant portion of § 6901 provides,

(a) Method of Collection.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

(1) Income, estate, and gift taxes.—

(A) Transferees.—The liability, at law or in equity, of a transferee of property—

(i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes), . . .

Section 6901 provides a mechanism for collection of a transferor's liability, it does not create liability for the transferee. [6] The transferee's liability is only secondary and attaches when other available remedies to collect against the taxpayer are exhausted. [7] Moreover, the transferee's liability is limited to the value of the transferred assets. [8]

*Baptiste v. C.I.R.* 29 F.3d 1533 (11th Cir. 1994) [9] is instructive on the issue before this

1. This amount includes tax liabilities and accrued interest for the tax periods 1986, 1987, 1988.

2. The Debtor's liability as transferee of her deceased husband's assets is the subject of an action presently pending before the United States Tax Court. *In the Matter of Harvey M. Pert, Transferee and Kathleen M. Pert, Transferee v. C.I.R.*, Docket Nos. 13783–94 and 13784–94, 1995 WL 676879 (T.C.1994).

3. The parties have entered into a stipulation concerning the dischargeability of certain federal tax penalties. On April 24, 1996, this Court entered an Order on Dischargeability of Federal Tax Penalties.

4. **Jacob Mertens, Jr., Mertens Law of Federal Taxation** § 53.01 (1995).

5. *Id.*

6. Mertens, supra note 4, at § 53.01,.06. *See also, Commissioner of Internal Revenue v. Stern,*

357 U.S. 39, 44, 78 S.Ct. 1047, 1050–51, 2 L.Ed.2d 1126 (1958).

7. Mertens, supra note 4, at § 53.06.

8. 26 U.S.C. § 6901. *But see, Baptiste v. C.I.R.,* 29 F.3d 1533, 1541–2 (11th Cir.1994). Transferee was held liable for unpaid estate taxes of transferor. Liability limitation in § 6324(a)(2) did not apply to interest accrued on unpaid estate taxes from the date the liability arose until date taxes paid, notwithstanding the value of the assets transferred was less. *Contra, Baptiste,* 29 F.3d 433 (8th Cir.1994) where transferee was not held liable for accrued interest that exceeded amount of assets transferred.

9. *Compare, Baptiste v. C.I.R.,* 29 F.3d 433 (8th Cir.1994). The Eight Circuit Court of Appeals is the mirror case to the *Baptiste* case decided by the Eleventh Circuit. In fact, the tax court opinion is a consolidated opinion of the two cases and is cited at *Baptiste v. Commissioner of Inter-*

Court. The *Baptiste* court decided the issue in the context of whether transferee liability is a tax for purposes of determining whether the interest accruing pursuant to § 6601 is limited by the language contained in § 6324. In *Baptiste*, the beneficiary of life insurance proceeds received $50,000 after the death of the transferor taxpayer. The insurance proceeds were includable in the deceased transferor taxpayer's gross estate.[10] Estate taxes assessed against the estate were not paid, therefore the government sought to collect the tax plus interest from the beneficiary as transferee. The issues on appeal were: whether the transferee was liable for the estate tax under § 6324(a)(2); whether the transferee was personally liable for interest accruing on the unpaid tax, and if so; whether the interest obligation was limited to the value of the assets transferred.[11]

The United States Court of Appeals for the Eleventh Circuit held the beneficiary of life insurance proceeds was a liable transferee under § 6324(a)(2) for unpaid estate taxes of the transferor. Further, the court held the transferee's liability is a personal liability independently imposed by § 6324(a)(2) and is limited to the value of the assets transferred.[12] However, the Court held the liability limitation of § 6324(a)(2) applied only to the underlying estate tax obligation, and not to interest. Therefore, the transferee is responsible for interest from the day the estate tax return was due until the obligation was satisfied, notwithstanding this amounted to more than the $50,000.00 received by the transferee.[13] In arriving at its decision on the interest obligation question, the *Baptiste* court necessarily undertook an analysis of the fundamental question of whether a transferee liability is a tax or a debt, and found the transferee liability of the life insurance beneficiary was a debt.[14]

Once the *Baptiste* court determined transferee liability existed,[15] it turned to the issue of whether the transferee was personally liable for accrued interest on the unpaid estate taxes, and if so, whether the limitation imposed by § 6324(a)(2) applied to the interest obligation which accrued while the taxes remained unpaid and the transferee had the property.[16] The Eleventh Circuit opined § 6324(a)(2) does not provide the liability of the transferee is a tax liability, but rather it provides the transferee is liable for the unpaid taxes of the transferor estate. According to the Eleventh Circuit, simply because

---

*nal Revenue*, 100 T.C. 252, 1993 WL 89210 (1993) (consolidated cases). This Court notes that neither opinion mentions the other case as either pending or decided.

Gabriel J. Baptiste, Jr., (8th Cir.) is the brother of Richard Baptiste., (11th Cir.). Like his brother Richard, Gabriel also inherited $50,000.00 from his father and was ultimately assessed with a transferee liability for his father's unpaid estate taxes. The relevant issue in Gabriel's case, identical to Richard's, was whether Gabriel was liable as transferee for the unpaid estate taxes together with accrued interest from the due date of the estate return until satisfied, which totalled more than the $50,000.00 he received. The 8th Circuit held Gabriel's transferee liability was limited to the actual value of the assets transferred ($50,000) and did not include accrued interest.

Notwithstanding the 8th Circuit's consideration of the same issue as the 11th Circuit, the 8th Circuit did not undertake an analysis of whether the transferee liability was a tax or a debt. In its abbreviated analysis, the 8th Circuit explains the transferee's personal liability for the transferor's tax includes interest and cites to IRC § 6601(e)(1) (providing the Internal Revenue Code's references to "tax" shall also refer to interest imposed on that tax) to support its conclusion. Unlike the 11th Circuit's analysis, the 8th Circuit does not address the fundamental question of whether the transferee liability is a tax or a debt.

**10.** 26 U.S.C. § 2042 requires life insurance proceeds be included in the gross estate of the taxpayer if the taxpayer had incidents of ownership in the policy.

**11.** *Baptiste*, 29 F.3d 1533, 1541. Other issues on appeal not relevant to this opinion are not discussed herein.

**12.** *Id.*

**13.** *See contra, Baptiste*, 29 F.3d 433. The Eighth Circuit held decidedly opposite to the Eleventh Circuit on the issue of whether the transferee is obligated for the accrued interest on the unpaid estate taxes when it exceeds value of the assets transferred. The Eighth Circuit found Gabriel was liable only up to the $50,000.00 he received.

**14.** *Id.*

**15.** This issue is not before this Court, but is presently pending in the tax court case. *See supra* note 2.

**16.** *Baptiste*, 29 F.3d at 1541.

the *estates's* obligation is a tax liability does not make the *transferee's* liability a tax liability.[17] The Eleventh Circuit further explained that if the transferee liability were a tax liability, there would be no need for § 6901(a) which merely provides a procedure in which the government may collect transferee liabilities.[18] The Eleventh Circuit surmised if transferee liabilities are in fact taxes, § 6901(a) is unnecessary and superfluous as authority and procedure to collect transferee liabilities.[19] The Eleventh Circuit stated, in unequivocal terms, *"[a]ccordingly, any liability to which section 6901(a) applies is not a tax liability, but rather an independent liability."* [20]

Other courts have also noted the procedural nature of the statute used to collect unpaid tax obligations from transferees. Most notably, the United States Supreme Court in *Commissioner v. Stern,* 357 U.S. 39, 44, 78 S.Ct. 1047, 1050–51, 2 L.Ed.2d 1126 (1958), stated "since § 311 [21] is a *procedural statute* we must look to other sources for the definition of the substantive liability." [22] Accordingly, in *Stern,* the procedural statute did not determine the substantive tax liability of the transferee.

■ The *Baptiste* decision is precedent and its analysis is key to this Court's determination of the same issue, albeit in a different context. The narrow issue before this Court fits squarely within the *Baptiste* decision. In the instant case, the Government assessed transferee liability against Debtor for the unpaid taxes of her deceased husband under § 6901(a). This liability is separate and independent of the underlying tax obligation owed by the deceased husband. The separate and independent nature of the liability is evidenced by the fact that payment of the husband's tax obligation in whole or in part, reduces or eliminates Debtor's transferee liability in direct proportion. Even more significant is the fact Debtor's transferee liability is limited to the extent of the value of the assets transferred.

This Court is also persuaded by the logical extension of the Eleventh Circuit's reasoning in *Baptiste* that the transferee liability is a debt, not a tax. It is undisputed the government assessed taxes against this Debtor once based upon the joint return filed with her deceased husband and once based upon the transferee liability.[23] If the income tax liability for the joint return escapes the § 523(a)(1) exception to discharge because time has run, the government may not then conjure up a second tax, i.e. transferee liability. If transferee liability is characterized as a tax, then the government effectively has two bites at the nondischargeability apple.

Based upon the authority discussed above, this Court finds the transferee liability is not a tax and, therefore, not excepted from discharge under § 507 and § 523. At best, the transferee liability is a general unsecured claim, assuming a timely proof of claim is filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Plaintiff's Verified Motion for Partial Summary Judgment as to Count I and Count II, filed November 30, 1995, is hereby GRANTED. It is further

ORDERED, ADJUDGED AND DECREED the Motion by the United States for

---

17. *Id.*

18. *Id.*

19. *Id.*

20. *Id.* (emphasis added).

21. Section 311 is the equivalent to our § 6901 at issue here.

22. *Stern,* 357 U.S. at 44, 78 S.Ct. at 1050–51. (emphasis added). This discussion by the Supreme Court in *Stern* concerned whether state or federal law determined the status of the transfer-

ee. The *Stern* court ultimately held a transferee status is established by reference to state law, absent a federal statute creating liability.

*See also, Edelson v. Commissioner,* 829 F.2d 828, 833 (9th Cir.1987).

23. Debtor filed joint tax returns with her now deceased husband for the tax periods at issue, and was assessed income taxes for those years. Those assessment were made more than 240 days before the date of the filing of the bankruptcy petition and the taxes were based upon tax returns due more than three years prior to the filing of the bankruptcy petition. *See* 11 U.S.C. § 507(a)(8) (formerly § 507(a)(6)).

Summary Judgment on Issue of Transferee Liability filed April 26, 1996, is hereby DE-NIED.