**In re John Roderick McKOWEN, Debtor.**

**John Roderick McKOWEN, Plaintiff/Appellee,**

v.

**INTERNAL REVENUE SERVICE, United States of America, Department of the Treasury, Defendant/Appellant.**

**No. CIV.A. 01–M–117.**

United States District Court, D. Colorado.

June 18, 2001.

Matthew David Skeen, Skeen & Skeen, PC, Georgetown, CO, for John Roderick McKowen.

John E. Steele, Internal Revenue Service, District Counsel, Denver, CO, Christopher H. La Rosa, U.S. Department of Justice, Tax Division, Washington, DC, for Internal Revenue Service.

## ORDER AND JUDGMENT

MATSCH, District Judge.

The question presented by this appeal under 28 U.S.C. § 158(a)(1) is whether the bankruptcy judge erred in concluding that an indebtedness arising from transferee liability for an unpaid income tax owed by a defunct corporation and assessed against John Roderick McKowen ("McKowen" or "Debtor") was not excepted from the order of discharge in McKowen's individual Chapter 7 bankruptcy proceeding. Because the briefing adequately addresses the legal issue, oral argument under Fed. R. Bankr.P. 8012 is not necessary.

McKowen filed his voluntary Chapter 7 bankruptcy petition in January, 1995, and an order of discharge was entered in May of that year.

McKowen claimed net operating loss carryforwards on his individual income tax return for tax year 1992 based on net operating losses sustained during tax years 1986, 1987 and 1988 by New Century Corporation ("New Century"), a now defunct business previously owned by him. As a part of a subsequent audit of that return, the Internal Revenue Service ("IRS") requested copies of New Century's corporate tax returns for tax years 1987 and 1988. No corporate tax return had been filed for 1987. McKowen then filed a return for the defunct corporation on April 2, 1998. The IRS concluded that a corporate tax was owed, that corporate assets had been transferred to McKowen in 1987 and that McKowen was subject to trans-

feree liability pursuant to 26 U.S.C. § 6901(a).

Anticipating that the IRS was going to issue a notice of transferee liability of $481,180.00 plus interest and penalties, McKowen moved to reopen his bankruptcy case on July 12, 2000, for the purpose of filing a complaint in an adversary proceeding to declare the dischargeability of the proposed transferee liability. The motion was granted and McKowen filed a complaint for declaratory relief on August 14, 2000. The government answered and moved for summary judgment asking for a declaration that the proposed transferee liability is excepted from the discharge order under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(iii) as a debt for a tax.

The transferee liability has not yet been assessed but the parties do not dispute that the issue of dischargeability is ripe for decision. The debtor, as plaintiff in the adversary proceeding, responded to the summary judgment motion, agreeing that the material facts are not disputed, but arguing that the proposed liability is not a tax and that it would be inequitable to permit the IRS to use transferee liability to circumvent the discharge at this late date. The bankruptcy judge denied the IRS's motion for summary judgment by a written order, entered January 2, 2001, concluding that the transferee liability would not constitute a tax under the pertinent provisions of the Bankruptcy Code and would be an unsecured debt discharged by the debtor's 1995 bankruptcy. The parties stipulated that the order determined all issues in the proceeding and judgment was entered on January 9, 2001. This timely appeal followed.

The essential purpose of a voluntary bankruptcy petition is to obtain relief from existing debts by obtaining an order of discharge to operate as an injunction against collection of those debts. 11 U.S.C. § 524(a)(2). Certain kinds of debts are excepted from discharge by section 523(a). Included in the definition of such debts is any debt:

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

11 U.S.C. § 523(a)(1)(A).

Section 507(a)(8) reads as follows:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts.

11 U.S.C. § 507(a)(8)(A). It also provides that such a tax includes a tax assessable after commencement of the bankruptcy case. 11 U.S.C. § 507(a)(8)(A)(iii).

The Internal Revenue Code ("IRC") provides that when a person receives property from a taxpayer owing income taxes under circumstances that by applicable law make him liable for the transferor's debts, the income tax indebtedness of the transferor may be collected by the IRS "in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred." 26 U.S.C. § 6901(a). The IRS contends that the transfer of the corporate assets of New Century to McKowen was a fraudulent conveyance under Colorado law, C.R.S. § 38–10–117, and that recovery under that statute is not limited to the value of the property transferred. For the purpose of resolving this dispute, it is assumed that the necessary intent to hinder, delay or defraud creditors could be proved and that McKowen has personal liability for the debts of New Century, including unpaid corporate income tax. The appellant's argument is

that because section·6901(a) of the IRC authorizes the IRS to collect from McKowen in the same manner as it could collect from New Century, his transferee liability should be considered an income tax excepted from discharge.

The bankruptcy judge rejected that argument in reliance on *Commissioner of Internal Revenue v. Stern*, 357 U.S. 39, 42–43, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958), where the Supreme Court held that transferee liability subject to collection by the IRS under IRC section 311, the predecessor to section 6901(a), must be found under state law. The IRC did not create the liability.

In *Baptiste v. Commissioner of Internal Revenue*, 29 F.3d 1533, 1538 (11th Cir. 1994), the Eleventh Circuit Court of Appeals distinguished between transferee liability for income and estate tax deficiencies because, in the latter instance, IRC section 6324(a)(2) expressly imposes personal liability for the deficiency on the transferee. Since the federal statute creates the liability, there is no reason to apply state law. The beneficiary of an insurance policy that was included in the decedent's estate was, therefore, liable for the unpaid estate tax to the extent of the proceeds he received. The IRS assessed him for that amount plus interest. In affirming the Tax Court's ruling that the assessment was valid, the appellate court applied section 6901(a), reasoning that it imposed an independent interest obligation. *Baptiste*, 29 F.3d at 1541–42.

The bankruptcy judge in this case concluded that *Baptiste* supported his view that section 6901(a) did not impose a tax. However, the *Baptiste* court found independent liability for the added interest as a part of the collection process authorized by that section.

■ The essential reasoning of the bankruptcy judge is that transferee liability for unpaid income·tax under section 6901 is not a tax, it is a debt which the IRS may collect in the same manner as a tax. The appellant concedes that reading of the law but argues that since section 6901(a) provides that transferee liability is subject to the same provisions and limitations as the tax deficiency on which it is based, and since liability for income tax is excepted from a bankruptcy discharge, the proposed assessment of McKowen for the income tax owed by New Century is excepted from his discharge. I agree.

■ The bankruptcy judge's error results from limiting the analysis to the text of the Bankruptcy Code. The court has an obligation to attempt to harmonize two statutes that appear to conflict. The provisions of section 6901(a) are made a nullity if it does not mean that transferee liability must be treated like a tax under the Bankruptcy Code. The government has cited pertinent legislative history to show that such was the intention of the Congress.

The bankruptcy judge did not rule on the debtor's alternative claim that it would be inequitable to deny his claim of dischargeability. Such a claim, if available, goes to the merits of the application of Colorado law to impose personal liability for the unpaid taxes of New Century. That question was not litigated in the adversary bankruptcy proceeding and is not properly before this court on appeal.

Upon the foregoing, it is ORDERED that the judgment of the Bankruptcy Court is reversed and this matter is remanded for such further proceedings as are appropriate.