**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENH CIRCUIT

---

JOHN RODERICK McKOWEN,

    Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE,
UNITED STATES DEPARTMENT
OF THE TREASURY,

    Defendant-Appellee.

No. 01-1345

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 01-M-117)**

---

Jeffrey R. Davine of Ballard Spahr Andrews & Ingersoll, LLP, Denver, Colorado
(Matthew D. Skeen of Skeen & Skeen, P.C., Denver, Colorado, with him on the
briefs) for Plaintiff-Appellant.

Karen D. Utiger, Attorney (Eileen J. O'Conner, Assistant Attorney General,
Richard Farber, Bruce R. Ellisen, and Paula K. Speck, Attorneys, with her on the
brief) Tax Division, Washington, D.C., (John W. Suthers, United States Attorney,
Denver, Colorado, of Counsel) for Defendant-Appellee.

---

Before **BRISCOE, ANDERSON** and **O'BRIEN**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.

John Roderick McKowen appeals the district court's determination that his 1995 bankruptcy proceeding did not discharge his transferee liability for 1987 corporate taxes not paid by his now-defunct business. *See McKowen v. Internal Revenue Service*, 263 B.R. 618, 619-20 (D. Colo. 2001). Exercising jurisdiction under 28 U.S.C. §§ 158(a) & (d), we affirm.

## BACKGROUND

McKowen was the sole owner and shareholder of New Century Corporation (New Century). Sometime in 1987, the company began to be dismantled, and its assets were transferred to McKowen. On his 1992 personal income tax return, McKowen included net operating loss carryforwards based upon net operating losses sustained by New Century during tax years 1986, 1987, and 1988. In January 1995, he filed a voluntary Chapter 7 bankruptcy petition. An order of discharge was entered that May.

Subsequently, in November 1996, the Internal Revenue Service (I.R.S.) audited McKowen's 1992 income tax return. After requesting copies of New Century's corporate tax returns for 1987 and 1988, the I.R.S. learned that no corporate tax return had been filed for 1987.[1] McKowen remedied this omission by filing an amended return for New Century on April 2, 1998.

---

[1]McKowen claims he reported all items of income and losses on his 1987 personal tax return. The I.R.S. states those items should have been reported on the 1987 New Century corporate tax return.

Review of New Century's 1987 amended tax return indicated corporate taxes were owed. The I.R.S. also concluded the 1987 asset transfer subjected McKowen to transferee liability, pursuant to 26 U.S.C. § 6901(a), in the amount of $481,180.00, plus interest and penalties. *McKowen*, 263 B.R. at 620. Questioning the validity of his tax liability, McKowen moved for and was granted an opportunity to reopen his 1995 bankruptcy case to determine whether his transferee liability was discharged. In response, the I.R.S. moved for summary judgment.

The bankruptcy court denied the I.R.S.'s motion for summary judgment, finding McKowen's transferee liability for the corporate taxes constituted an unsecured debt, rather than a tax excepted from discharge. *McKowen v. United States*, 2001 WL 241059 (Bankr. D. Colo. 2001). Therefore, the bankruptcy court held the transferee liability was discharged in bankruptcy.

The I.R.S. appealed to the United States District Court for the District of Colorado. The district court agreed the transferee liability was not a tax, but found that 26 U.S.C. § 6901(a) required the debt to be treated like a tax for the purposes of exception from bankruptcy discharge.[2] *Id.* Thus, it reversed the

---

[2]The district court remanded the case to the bankruptcy court, perceiving McKowen's argument to raise an equitable claim not decided by the bankruptcy court. Generally, an order of a district court remanding a case to the bankruptcy court "for significant further proceedings" is not a final appealable decision allowing this Court to exercise jurisdiction. *Buckner v. Farmer's Home Admin.*,

bankruptcy court, concluding McKowen's liability was not discharged in the 1995

bankruptcy proceeding. McKowen now appeals the district court's order.

## DISCUSSION

### *Dischargeability of Transferee Liability in Bankruptcy*

"'In reviewing the decision of a bankruptcy court pursuant to 28 U.S.C. §

158(a) and (d), the district court and the court of appeals apply the same standards

of review that govern appellate review in other cases.'" *In re Country World

Casinos, Inc.*, 181 F.3d 1146, 1149 (10th Cir. 1999) (quoting *In re

Hedged-Investments Assocs., Inc.*, 84 F.3d 1267, 1268 (10th Cir. 1996). On an

appeal of a bankruptcy case, we review the legal conclusions of the bankruptcy

court and the district court *de novo*. *In re Wise*, 346 F.3d 1239, 1241 (10th Cir.

2003); *In re Craddock*, 149 F.3d 1249, 1257 (10th Cir. 1998). Here, we face an

issue of first impression: whether a debt arising from transferee liability for

unpaid income tax owed by the transferor corporation is discharged by the

transferee's bankruptcy. Our analysis necessarily construes the interrelationship

between specific provisions of the Bankruptcy Code and the Internal Revenue

Code (I.R.C.).

The Bankruptcy Code identifies the purpose of a voluntary bankruptcy

66 F.3d 263, 265 (10th Cir. 1995). However, McKowen remedied this
jurisdictional barrier when, at his request, the district court amended its judgment
to eliminate the equity claim and set aside the order for remand.

discharge as the opportunity to obtain relief from existing debts. *See* 11 U.S.C. § 524.[3] Though a fresh start for the debtor is the desired outcome, Congress determined that some debts should survive despite this general policy; it explicitly removed certain types of debt from discharge. At issue here is the exception from discharge for a tax that is on or measured by income or gross receipts, which is assessable after commencement of the bankruptcy case. *See* 11 U.S.C. § 523(a)(1)(A); 11 U.S.C. § 507(a)(8)(A); 11 U.S.C. § 507(a)(8)(A)(iii).[4] Under Bankruptcy Code 11 U.S.C. § 523(a)(1)(A), a debtor will not be discharged from

---

[3]A bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). *See also* 11 U.S.C. 727(b) (a Chapter 7 bankruptcy discharges the debtor from debts arising before the date of discharge).

[4]11 U.S.C. § 523(a)(1)(A) states in pertinent part:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
(1) for a tax or a customs duty–
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

11 U.S.C. § 507(a)(8)(A)(iii) reads:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--
(A) a tax on or measured by income or gross receipts
(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

any debt "for a tax" of the kind stated in § 507(a)(8). In turn, § 507(a)(8) specifically identifies a tax on income as exempt from discharge. 11 U.S.C. § 523(a)(1)(A); 11 U.S.C. § 507(a)(8)(A)(iii) (*see infra* nn.6, 7). Under these statutory provisions, it appears that any debt not designated a tax, would be discharged in bankruptcy.

On the other hand, the I.R.C. provides that a person receiving property from a taxpayer who owes income taxes may be liable for the transferor taxpayer's tax debt.[5] If so, the I.R.S. may collect the transferor's income tax liability from the transferee "in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred." 26 U.S.C. § 6901(a);[6] *see Commissioner of Internal*

---

[5]In this case, McKowen's liability as a transferee is not before the Court. We assume, without deciding, that McKowen is liable as a transferee for the taxes owed by New Century for the tax year 1987 in the amount of $481,180.00.

[6]Section 6901 reads:

> (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and *collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred*:
> 1) Income, estate, and gift taxes.--
> A) Transferees.--The liability, at law or in equity, of a transferee of property–
> (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes).

(Emphasis added.) Section 6901 goes on to define a transferee as a "donee, heir,

*Revenue v. Stern*, 357 U.S. 39, 44-45 (1958) (existence and extent of transferee liability determined by state law). Considering the provisions of the Bankruptcy Code and the I.R.C. in tandem, the district court held Section 6901 would be nullified if transferee liability was discharged under the Bankruptcy Code, and concluded it must be treated the same as the underlying tax to harmonize the potential conflict between these statutes.[7] *McKowen*, 263 B.R. at 620-21 (citing 26 U.S.C. § 6901). We agree.

"When Congress has enacted two statutes which appear to conflict, we must attempt to construe their provisions harmoniously." *United States v. State of Colo.*, 990 F.2d 1565, 1575 (10th Cir. 1993), *cert. denied,* 510 U.S. 1092 (1994). Here, McKowen's transferee liability is derived from a tax owed by New Century "on or measured by income," and is thus exempt from discharge in bankruptcy. 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(iii). Consequently, we hold McKowen's transferee liability was not discharged in his prior bankruptcy proceeding.

In reaching its contrary conclusion, the bankruptcy court relied on *Pert v.*

---

legatee, devisee, and distributee . . . ." 26 U.S.C. § 6901(h).

[7]In *Stern*, the United States Supreme Court held that transferee liability under 26 U.S.C. § 311(a) (the predecessor to 26 U.S.C. § 6901) was not a tax, but rather, a method of collecting taxes. Specifically, the Court held "§ 311 neither creates nor defines a substantive liability but provides merely a new procedure by which the Government may collect taxes." 357 U.S. at 42.

*United States*, 201 B.R. 316 (Bankr. M.D. Fla. 1996). There, faced with an issue similar to the one before us, the bankruptcy court held that transferee liability is not a tax, but "[a]t best, . . . is a general unsecured claim, assuming a timely proof of claim is filed." *Id.* at 320.[8] We find a better approach in the United States Tax Court's decision in *Hamar v. Commissioner*, 42 T.C. 867 (1964). In *Hamar*, the tax court rejected petitioner's argument that his transferee liability was discharged by his bankruptcy. *Id*. at 879. The court stated:

> It must be borne in mind that while the liability of a transferee may not be a tax liability in the ordinary sense, nevertheless it is a liability for a tax; in other words, the government is seeking to collect what is primarily a tax and continues to be a tax although, because of the inability to collect from the taxpayer proper, it seeks to require his transferee to pay. From the standpoint of the government the money sought in this case is as much an item of revenue as it would be were the proceedings to collect directed toward the transferor.

*Id.* at 877 (quoting *Felland v. Wilkinson*, 33 F.2d 961 (D.C. Wis. 1928)). We agree with this rationale and find it to be a descriptive example of how transferee liability under Section 6901 should apply in this case.

---

[8]We also recognize the outcome in *Pert* may have been tempered by a factual situation not present here. In *Pert*, the debtor's transferee liability was based upon her receipt of assets from her deceased husband's estate while unpaid taxes remained assessed against the estate. 201 B.R. at 318-19. In attempting to collect the deceased husband's unpaid taxes, the government assessed taxes against both the joint return filed with her deceased husband and based upon transferee liability. *Id*. at 320. The court noted that if it characterized transferee liability as a tax, it would allow the government two "bites" at the "non-dischargeability apple." *Id*. Here, the government is not imposing dual liability.

The Bankruptcy Code's specific exemption of income tax debt from discharge reflects Congress' intent to allow the federal government to collect funds lawfully due, even from a debtor who has received a discharge in bankruptcy. Nor is this obligation lessened by the fact that the debt has been transformed from a direct tax liability of a transferor taxpayer into a transferee liability. Section 6901 provides the direct mechanism for carrying out this purpose. To ignore section 6901 and discharge McKowen's transferee liability would needlessly create a conflict between the discharge provisions of the Bankruptcy Code and the express language of the I.R.C. § 6901. Such a result would impermissibly override the specific policy judgments made by Congress in enacting section 6901. *See United States v. Sotelo*, 436 U.S. 268, 279 (1978) ("we as judges cannot override the specific policy judgments made by Congress in enacting the statutory provisions . . . .").

## CONCLUSION

For the above reasons, we conclude the district court correctly determined that the treatment of the underlying tax directs the treatment of the transferee liability in bankruptcy discharge. Accordingly, we **AFFIRM**.