**In re Margaret Fay CARLIN, Debtor.**

**Margaret Fay Carlin, Plaintiff–Appellant,**

v.

**United States of America (Internal Revenue Service), Defendant–Appellee.**

**BAP No. KS–05–011.**
**Bankruptcy No. 02–22890–7.**
**Adversary No. 02–06101.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

July 26, 2005.

---

**18.** *See* 11 U.S.C. § 507 (determining the priority of claims).

Submitted on the briefs: *

William D. Peters, Kansas City, Kansas, for Plaintiff–Appellant.

Eric F. Melgren, United States Attorney, Phyllis Jo Gervasio, Trial Attorney Tax Division, United States Department of Justice, Washington, D.C., for Defendant–Appellee.

Before BOHANON, CORNISH, and MICHAEL, Bankruptcy Judges.

OPINION

CORNISH, Bankruptcy Judge.

The Chapter 7 debtor appeals a Judgment of the United States Bankruptcy Court for the District of Kansas holding that her tax debt is nondischargeable under 11 U.S.C. § 523(a)(1).[1]  We AFFIRM.

## I.  *Background*

During all periods relevant to this case, the debtor was unemployed outside of the home, and she had no source of income independent from that earned by her self-employed spouse.[2]  Because the debtor had no income, she was not required individually to file an income tax return.  She elected, however, to file a joint income tax return with her spouse for 1999, 2000, and 2001.  All of the joint income tax returns in question were signed by the debtor and her spouse, and the following dates are pertinent:

| Tax Year | Date Return Should Have Been Filed | Date Return Actually Filed | Taxes, Interest & Penalties Assessed |
|---|---|---|---|
| 1999 | October 15, 2000 | February 10, 2002 | March 18, 2002 |
| 2000 | October 15, 2001 | February 22, 2002 | March 25, 2002 & April 29, 2002 [3] |
| 2001 | April 15, 2002 | April 15, 2002 | May 27, 2002 |

The debtor admits that she is "indebted jointly, along with her spouse," to the Internal Revenue Service (IRS) for the assessed taxes.[4]

On August 14, 2002, the debtor filed a Chapter 7 petition.  On that date, none of the assessed taxes, interest or penalties had been paid by the debtor or her spouse.

The debtor filed a Complaint against the IRS, requesting that her prepetition tax debt be discharged because she "had no independent income . . . and therefore was not required to file a return for [the 1999–

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. Bankr.P. 8012.  The case is therefore ordered submitted without oral argument.

1.  All future statutory references in the text are to title 11 of the United States Code.

2.  This is the stipulation agreed to by the parties.  Actually, it appears that the debtor had a nominal income for at least two of the years in question, but it was so nominal that she was not individually required to file a tax return for those years.

3.  Taxes, interest and penalties were assessed on March 25, 2002.  On April 15, 2002, however, a credit was reversed and an earned income credit was applied, creating an additional assessment of interest and penalties on April 29, 2002.  2000 Tax Transcript, in Appendix at 112–13.

4.  Complaint at 2, in Appendix at 2; see Appellant's Brief at 29 (recognizing tax liability).

2001] tax years pursuant to 11 U.S.C. § 523(a)(1)(B)." [5] In its Answer, the IRS maintained that the debtor's tax debt was nondischargeable pursuant to § 523(a)(1)(A), as well as (a)(1)(B). Cross motions for summary judgment were filed by the parties. During the summary judgment proceedings, the debtor argued that even if her tax debt was nondischargeable under § 523(a)(1), the bankruptcy court should discharge it pursuant to § 105(a).

The bankruptcy court entered an Order and separate Judgment granting the IRS's motion for summary judgment and denying the debtor's motion,[6] holding that the portion of the debtor's debt to the IRS attributed to taxes and interest (collectively, the "Taxes") was an unsecured priority claim under § 507(a)(8) that was nondischargeable pursuant to § 523(a)(1).[7] In so holding, the bankruptcy court first determined that the Taxes were an unsecured priority claim under § 507(a)(8)(A)(ii) because they were assessed within 240 days of her petition date and, therefore, that they were nondischargeable under § 507(a)(1)(A).[8] Alternatively, the Court concluded that the Taxes were also nondischargeable under §§ 507(a)(8)(A)(i) and 523(a)(1)(A) and (B). Reaching this conclusion, the bankruptcy court rejected the debtor's argument that those sections do not operate to except the Taxes from discharge because they are all reliant on dates calculated from the filing of a "required" tax return. Although the debtor's lack of income meant that individually she was not "required" to file an income tax return, the bankruptcy court concluded that those sections nonetheless applied to the Taxes because income tax, the tax for which the debtor was liable by virtue of her electing to file joint tax returns with her spouse, "requires" the filing of a tax return.[9] Finally, the bankruptcy court refused to discharge the Taxes under § 105(a).

The debtor timely appealed the bankruptcy court's final Judgment.[10] The parties did not elect to have the appeal heard by the District Court for the District of Kansas.[11] Accordingly, we have jurisdiction over this appeal.

## II. *Discussion*

Nondischargeability of tax debts is governed by § 523(a)(1), which provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax ...—

(A) of the kind and for the periods specified in section ... 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed; [or]

---

5. Complaint at 2, in Appendix at 2.

6. *Carlin v. United States (In re Carlin)*, 318 B.R. 556, 566 (Bankr.D.Kan.2004).

7. The bankruptcy court also held that the portion of the debt attributed to penalties was excepted from discharge under § 523(a)(7). *Id.* at 566–67. The debtor has not challenged this portion of the bankruptcy court's ruling on appeal and, therefore, we will not address it herein. *See, e.g., State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7 (10th Cir. 1994) (issue waived on appeal if it is not raised in the appellant's opening brief); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir.1990) (issue not argued in appellate brief is waived).

8. *Carlin*, 318 B.R. at 562, 566.

9. *Id.* at 562–67.

10. 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P. 8002.

11. 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

(B) with respect to which a return, if required—

. . . .

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; [12]

Section 507(a)(8), incorporated into the dischargeability analysis by § 523(a)(1)(A), provides that the following unsecured claims are entitled to eighth priority of payment:

(A) a tax on or measured by income
. . .—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition; [or]

(ii) assessed within 240 days ... before the date of the filing of the petition[.] [13]

■ As determined by the bankruptcy court, the Taxes are nondischargeable under § 523(a)(1)(A) because they are taxes of the kind set forth in § 507(a)(8)(A)(ii) inasmuch as they were assessed within 240 days before the petition date. The debtor's Chapter 7 petition was filed August 14, 2002 and, therefore, the 240 day period

in § 507(a)(8)(A)(ii) commenced in November 2001. All of the Taxes were assessed in March and April of 2002. Having been assessed within the 240 day period, the Taxes are an unsecured claim entitled to priority under § 507(a)(8)(A)(ii), and as a result, they are nondischargeable under § 523(a)(1)(A).

Concluding that the bankruptcy court did not err in determining the Taxes to be nondischargeable under the "240 day rule," we need not address the more difficult question taken on by the bankruptcy court related to the application of §§ 507(a)(8)(A)(i), 523(a)(1)(A) and 523(a)(1)(B)(ii), all of which reference a "required" tax return.[14] The applicable sections of the 240 day rule, §§ 507(a)(8)(ii) and 523(a)(1)(A), make no reference to a "required" return and, therefore, in no way make priority or dischargeability dependent on the filing of a return. Rather, they simply rely on the existence of a debt for taxes assessed within 240 days before the commencement of the case. The debtor has admitted that she is jointly liable with her spouse for the Taxes,[15] and she has admitted to the accuracy of the assessment dates.[16] Accordingly, the Taxes are nondischargeable.

The debtor acknowledges the bankruptcy court's decision, which we affirm, that the Taxes are nondischargeable under the 240 day rule in §§ 507(a)(8)(A)(ii) and 523(a)(1)(A).[17] She disputes, however, the

12. 11 U.S.C. § 523(a)(1)(A) & (B)(ii).

13. 11 U.S.C. § 507(a)(8)(A)(i)-(ii).

14. *See, e.g., United States v. Torres,* 182 F.3d 1156, 1164 n. 2 (10th Cir.1999) (court refused to "abandon judicial restraint" and issue an unnecessary opinion); *Griffin v. Davies,* 929 F.2d 550, 554 (10th Cir.1991) (appellate courts will not "undertake to decide issues that do not affect the outcome of a dispute") (citation omitted).

15. Complaint at 2, in Appendix at 2, *quoted supra* at 2–3.

16. Appellant's Brief at 3 ¶ F; Suggestions in Support of Debtor's Summary Judgment Motion at 1–2 & Exhibit D, in Appendix at 60–61 & 110–114; *see Carlin,* 318 B.R. at 559 (setting forth assessment dates, which are not controverted by debtor on appeal).

17. Appellant's Brief at 19.

application of the 240 day rule on several grounds, all of which we deem to be without merit.

■ The debtor first claims that she is not liable for the Taxes, despite her early admission to the contrary. She states that it is apparent from the record that the Taxes are self-employment tax "attributed" to her spouse and that liability for his Taxes cannot be imputed to her.[18] The debtor also maintains that she cannot be liable for the debt because she was not notified or warned that she would be jointly liable for the Taxes.[19] These attempts to refute her early admission of liability are without merit. Even if the Taxes are attributed to her spouse's income, by executing and filing a joint return, the debtor became jointly and severally liable with the spouse for the Taxes as a matter of law.[20] Notification of that liability is clearly set forth in title 26 of the United States Code. The debtor cannot have the best of all worlds. When a spouse without earned income signs a joint return with a wage-earning spouse, the family must reap a benefit by paying less tax.

■ The debtor further contends that although she was liable for the Taxes outside of bankruptcy, "joint liability does not equate to liability within the bankruptcy nor does it equate to non-dischargeability."[21] This argument is also without merit. By filing bankruptcy, the debtor's joint and several liability for the Taxes was not altered. A "debt" in bankruptcy means "liability on a claim,"[22] and a "claim," in turn, means a "right to payment."[23] This "right to payment" is typically determined prepetition under nonbankruptcy law. Here, prior to the filing of the debtor's petition, the IRS had a right to payment from the debtor resulting from her execution and filing of the joint tax returns. As such, a "debt" exists in the bankruptcy case, and for the reasons stated, it is a nondischargeable "debt" under § 523(a)(1)(A).

■ Recognizing that dischargeability of the Taxes is best argued under provisions that refer to a "required" tax return,[24] the debtor attempts to include a "required" return element into the 240 day rule, which as noted above contains no such provision. The debtor maintains that § 507(a)(8)(A)(ii), which contains the 240 day rule, cannot be read independently of subsection (i) of § 507(a)(8)(A), which

---

18. Suggestions in Support of Debtor's Summary Judgment Motion at 2, in Appendix at 61; Appellant's Brief at 3 & 22.
   Related to this argument is that she cannot be liable for her spouse's self-employment tax under the Social Security Act. Appellant's Brief at 11–18. As pointed out by the IRS, this argument was not argued below and, therefore, we will not consider it on appeal. *See, e.g., Tele–Communications, Inc. v. Comm'r,* 104 F.3d 1229, 1233 (10th Cir.1997); *Bancam. Comm. Corp. v. Mosher Steel of Kan., Inc.,* 103 F.3d 80 (10th Cir.1996); *Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir.1992).

19. Appellant's Brief at 6–7.

20. 26 U.S.C. § 6013(d)(3) ("if a joint return is made, ... liability with respect to the tax shall be joint and several.")

21. Appellant's Brief at 8.

22. 11 U.S.C. § 101(12).

23. *Id.* § 101(5)(A); *see Cohen v. de la Cruz,* 523 U.S. 213, 218, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) ("[A] 'right to payment,' we have said, 'is nothing more nor less than an enforceable obligation.'") (quoting *Penn. Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 559, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990)).

24. We are not expressing any opinion as to the merits of the portion of the bankruptcy court's Order discussing a "required" return.

refers to a "required" return. This argument does not comport with the plain language of § 507(a)(8)(A), whose three subsections are separated by the word "or,"[25] or with a logical reading of the various subsections-all of which apply to many different types of factual scenarios.

The debtor's more interesting attempt to insert a "required" return element into the 240 day rule is that taxes cannot be "assessed" unless a return is filed and, therefore, a "required" return element must be read into § 507(a)(8)(A)(ii). Assuming that the debtor is correct that taxes cannot be assessed without the filing of a return, we reject her argument based on the plain language of § 507(a)(8)(A)(ii) which contains no "required" return element. We simply cannot re-write the statute, especially when it is clear that Congress incorporated a "required" return element in other provisions of §§ 507(a)(8)

and 523(a)(1), but failed to do so in the provisions governing the outcome in this case.[26]

The debtor makes much of the fact that she has no income. While this is undisputably true based on the stipulations herein, her lack of income does not invalidate her "debt" to the IRS arising as a result of the execution and filing of joint tax returns. The point of a nondischargeability judgment is to allow the IRS to collect the debt from the debtor's assets despite discharge.[27]

■ Finally, the debtor argues that the bankruptcy court erred in refusing to discharge the Taxes pursuant to § 105(a).[28] We conclude that the bankruptcy court did not err. Section 523(a)(1) explicitly sets forth the taxes that are not dischargeable in bankruptcy, and § 105(a) cannot be used to negate that legislative mandate.[29]

**25.** 11 U.S.C. § 507(a)(8)(A)(i)-(iii); *see id.* § 102(5) (" 'or' " is not exclusive).

**26.** *See, e.g., BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) ("It is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.") (internal quotation marks omitted); *Savage v. Internal Rev. Serv. (In re Savage),* 218 B.R. 126, 132 (10th Cir. BAP 1998) (same).

**27.** *See McKowen v. Internal Rev. Serv.,* 370 F.3d 1023, 1027 (10th Cir.2004) ("The Bankruptcy Code's specific exemption of income tax from discharge reflects Congress' intent to allow the federal government to collect funds lawfully due, even from a debtor who has received a discharge in bankruptcy.")

**28.** On appeal, she also claims that the bankruptcy court could have "equitably apportion[ed] or abate[d]" her liability for the Taxes under § 105(a). Appellant's Brief at 28. Our record does not indicate that this issue, to the extent that it is distinct from the debtor's request that the Taxes be discharged under § 105(a), was raised below. *See Carlin,* 318 B.R. at 566 (request was that Taxes be dis-

charged under § 105(a)); *see also* Appendix at 58–75, 132–135, 158–164 (issue not raised in debtor's summary judgment papers). Accordingly, for the reasons stated *supra* at note 18 we will not consider the argument herein.

**29.** *See, e.g., Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *In re Tuttle,* 291 F.3d 1238, 1245 (10th Cir.2002) (IRS's claim for "gap interest" nondischargeable under § 523(a)(1)(A) would not be disallowed for equitable reasons under § 105(a) given plain reading of statutory provisions); *In re W. Real Estate Fund, Inc.,* 922 F.2d 592, 601 (10th Cir.1990), *modified on other grounds, Abel v. West,* 932 F.2d 898 (10th Cir.1991) (powers under § 105(a) "may not be exercised in a manner that is inconsistent with the other, more specific provisions of the [Bankruptcy] Code."), *quoted in In re Richards,* 994 F.2d 763 (10th Cir.1993); *Frieouf v. United States (In re Frieouf),* 938 F.2d 1099, 1103 n. 4 (10th Cir.1991); *Cf. United States v. Reorganized CF & I Fabricators of Utah, Inc.,* 518 U.S. 213, 228–29, 116 S.Ct. 2106, 135 L.Ed.2d 506

### III. *Conclusion*

For the reasons stated, the bankruptcy court's Judgment is AFFIRMED.

(1996) (priorities established by the legislature cannot be reordered by the judiciary based on equitable doctrines); *United States v. Noland,* 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996) (same).